225 A.2d 666.
EMMA SMITH *vs.* RUTH H. RAPAROT.

JANUARY 18, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This is a civil action to recover damages for the injuries allegedly sustained by the plaintiff as a result of the negligent operation of the motor vehicle owned by the defendant and operated by her servant. The defendant pleaded specially as a defense that the plaintiff's admitted release of the servant from liability for those injuries discharged her as well, and she advanced the substance of that plea as the ground for her motion for summary judgment filed under Rule 56 of the Rules of Civil Procedure of the superior court. That motion was granted by a justice of the superior court who ruled that an injured third party's valid release of a servant from liability for a tort committed within the scope of his authority will also discharge the master. The case is now here on the plaintiff's appeal.

While it is universally recognized that a master is liable to a third person for an injury suffered at the hands of his servant, whether done at the direction of the master or in the course of the servant's employment, there is no such unanimity as to the manner of enforcing that liability where it is based solely on the doctrine of respondeat superior. On this issue most jurisdictions consider the lia-

bility joint and several and permit the joinder of master and servant in a single proceeding. *Sherwood* v. *Huber & Huber Motor Exp. Co.,* 286 Ky. 775; *Goodman* v. *Grace Iron & Steel Corp.,* 125 N.J.L. 28; *Bernheimer-Leader Stores, Inc.* v. *Burlingame,* 152 Md. 284; *Skala* v. *Lehon,* 343 Ill. 602. A few courts which require each to be proceeded against separately reason that a master who is neither guilty of nor a participant in the commission of a tort should not be deemed a joint tortfeasor merely because he has become liable for the wrong of another by operation of law. *Jones* v. *Valisi,* 111 Vt. 481. Reversed, *Daniels* v. *Parker,* 119 Vt. 348; *Karcher* v. *Burbank,* 303 Mass. 303. See, however, *Kabatchnick* v. *Hanover-Elm Building Corp.,* 331 Mass. 366.

The solution of this case, however, does not lie in the selection of one of the conflicting views as preferable, but in whether master and servant are deemed to be joint tortfeasors within the purview of the uniform contribution among tortfeasors act, G. L. 1956, chapter 6 of title 10, hereinafter referred to as "the act." It defines the term "joint tortfeasors" in §10-6-2 as follows:

> "*For the purposes of this chapter the term* 'joint tortfeasors' means two or more persons jointly *or* severally liable in tort for the same injury to person or property, whether or not judgment has been recovered against all or some of them." (italics ours)

That language is plain and unambiguous. It declares its own sensible meaning and leaves no room for judicial construction. *Allen* v. *Rhode Island State Board of Veterinarians,* 72 R. I. 372; *State* v. *Patriarca,* 71 R. I. 151; *Hathaway* v. *Hathaway,* 52 R. I. 39.

Emphasizing by the prefatory phrase—"For the purposes of this chapter"—that its sole concern was with the meaning of the term "joint tortfeasors" within the context of the act and not otherwise, the legislature continued and in plain and concise language fixed as the sole test for

determining the existence of the joint tortfeasor relationship whether two or more persons were either jointly *or* severally liable in tort for the same injury to a party. Judged by that standard defendant and her servant were joint tortfeasors because concededly, upon the occurrence of the tort, they become jointly or severally liable to plaintiff. That being the case, the release given by the plaintiff, which by its terms related only to her claim against the servant, did not discharge defendant. We might have reached a contrary result were it not for the legislative directive of §10-6-7 which was designed to reverse the well-established rule of law under which a release of one joint tortfeasor discharged all other joint tortfeasors. *Hackett* v. *Hyson,* 72 R. I. 132, 136.

The conclusion we reach judicially was recognized legislatively in New Jersey. That state's joint tortfeasor statute contains a definition of the term "joint tortfeasors" which differs from that of §10-6-2 only to the extent that it provides in addition that "A master and servant or principal and agent shall be considered a single tortfeasor." N.J.S. 2A: 53A-1.

The New Jersey legislature clearly evidenced an awareness that without that addition its enactment would have changed the established rule of law that the release of one joint tortfeasor would discharge all the others. The absence of such exclusory language from our act precludes us from construing its otherwise plain and unambiguous language as being without controlling influence in the master-servant and principal-agent cases.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the superior court with direction to vacate the judgment heretofore entered and for further proceedings in accordance with this opinion.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for plaintiff.

*Higgins, Cavanagh & Cooney, Kenneth P. Borden, Joseph V. Cavanagh,* for defendant.