229 A.2d 48.
ALBERT N. BERTOZZI *et al., Trustees vs.* STANLEY K. KOLODZIEJ, *Tax Assessor.*

MAY 3, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. This civil action was brought in the superior court against the tax assessor of the city of Central Falls. The plaintiffs claim that a parcel of real estate held by

them as trustees under a profit-sharing plan has been exempted by G. L. 1956, §28-17-3, as amended, from state and local taxation. They seek a declaration of their entitlement to that exemption and they ask that the defendant be enjoined from selling their real estate at public auction for nonpayment of the real estate tax assessed against it on December 31, 1963. The parties filed an agreed statement of facts in the superior court and thereupon the action was certified under §9-24-25, as amended, to this court for hearing and determination.

The parties in their written submission stipulate that American Products, Inc., a business corporation organized under the laws of this state and having its principal place of business in the city of Central Falls, created an employees' profit-sharing plan and trust in 1962. That plan requires the employer to contribute periodically to the trust and also demands that the trust corpus and income be used for the sole and exclusive benefit of the corporate employees or their beneficiaries. In 1962 the Internal Revenue Service ruled that the plan was exempt from the federal income tax and it has continuously since 1962 enjoyed that exempt status.

Shortly after the plan was established, the plaintiffs, in their capacities as trustees, purchased a multi-storied commercial building located in Central Falls. The property is held in the profit-sharing plan and is rented by the trustees to various tenants. Its use is for the purposes of the trust and of the plan of which it forms a part, and the net rental income therefrom accrues to the trust.

The parties in substance ask us to determine whether §28-17-3, as amended, makes the property exempt from taxation by the city of Central Falls.

Regrettably, and notwithstanding that our clerk repeatedly advised his counsel of his noncompliance with our rule 15 relative to the filing of briefs, defendant neither

briefed his contentions nor did he appear when the case was heard by us. A decent and proper respect for the administration of justice demanded at least an explanation for defendant's failure to brief or argue whatever his reasons might have been for denying the claimed exemption, and were defendant the moving party he would have been defaulted. That alternative is not open to us, however, since the case is here on a certification and we are required by statute to hear and determine the issues.

At the outset we inquire whether the plan qualifies as an "employees' trust" within the contemplation of that term as used in §28-17-1, as amended.[1] It is a profit-sharing plan created by an employer for the exclusive benefit of its employees, and the periodic contributions made by that employer to the trust must be used for the sole and exclusive benefit of those employees or their beneficiaries. While the parties, if they had been mindful of their obligation to set forth in detail all of the material facts out of which their controversy arises, would have attached to their agreed statement a duly certified copy of the profit-sharing plan, or alternatively would have spelled out in greater detail its various provisions and particularly those having to do with the employer's purpose in making contributions to the trust, we are nonetheless satisfied from the facts which are stipulated that the plan qualifies as an "em-

---

[1]"The term 'employees' trust' as used in this chapter shall mean any trust created by an employer * * * as part of a * * * profit-sharing plan for the exclusive benefit of some or all of his employees, or their beneficiaries, to which contributions are made by such employer, or employees, or both, for the purpose of distributing in accordance with such plan to such employees, or their beneficiaries, the earnings or the principal, or both earnings and principal, of the trust fund, provided that it is impossible under the trust instrument at any time prior to the satisfaction of all liabilities with respect to employees and their beneficiaries under the trust for any part of the corpus or income to be at any time used for or diverted to purposes other than for the exclusive benefit of such employees, or their beneficiaries. * * *"

ployees' trust" under §28-17-1, as amended. We are assisted in reaching that conclusion by the knowledge that the ruling of the Internal Revenue Service exempting the plan from the federal income tax was conferred within the framework of regulations which in material part prescribe substantially similar criteria as are found in §28-17-1, as amended, for determining what is an "employees' trust."

All that now remains to be decided is whether §28-17-3, as amended,[2] exempts the real estate held by the trustees in the plan from the kind of tax which the legislature permits a municipality to assess against real property situated within its geographical boundaries. Section 28-17-3, as amended, the exemption statute, has a wide scope. In clear and unambiguous language it grants an exemption from all state and local taxation to *all* property which meets two standards. The first is that the property be held in a §28-17-1, as amended, "employees' trust" and the second is that it be used for the purposes of that trust and of the plan of which it forms a part. This language declares its own meaning. It leaves nothing to construe. Exemption of the property held by these trustees from the tax assessed by defendant turns solely on whether the two criteria have been satisfied. Our determination that this is an "employees' trust" within the scope of §28-17-1, as amended, meets the first test and the agreement of the parties that "The aforesaid real estate continues to be held in the American Products, Inc., Employees' Trust and is used for the purpose of said trust and of the plan of which it forms a part," satisfies the second test. Nothing more is required to qualify for the exemption.

That taxing statutes are to be strictly construed in favor

---

[2]In pertinent part it reads: "The property held in any employees' trust as defined in §28-17-1 shall be exempt from all sales and use taxes and all other state and local taxation so long as the same shall be held in such trust and used for the purposes of said trust and of the plan of which said trust forms a part. * * *"

of the taxing authority and against an exemption[3] in no way alters our conclusion. When the legislature has used language which is free from ambiguity and expresses a definite and sensible meaning, we take the words literally and neither indulge in presumptions as to the legislative intention nor resort to rules of construction to determine purpose. This is a rule of general application, *Smith* v. *Raparot,* 101 R. I. 565, 225 A.2d 666. It applies to §28-17-3, as amended, notwithstanding that it grants a tax exemption. *Weimar* v. *Newman,* 78 R. I. 221, 226.

The papers in the case, with our decision certified thereon, are ordered sent back to the superior court for entry of final judgment on said decision.

*Raymond J. McMahon, Jr.,* for plaintiff.

*James G. O'Malley,* for defendant.

---

[3]*Preservation Society* v. *Assessor of Taxes,* 99 R. I. 592, 209 A.2d 701; *Knights of Columbus Bldg. Ass'n* v. *Gorham,* 67 R. I. 423; *Society for the Preservation of New England Antiquities* v. *Tax Assessors,* 62 R. I. 302; *Brown University* v. *Granger,* 19 R. I. 704.