Timothy A. CRAVEN, Plaintiff,

v.

Fred LAWSON, Defendant.

Supreme Court of Tennessee.

Jan. 26, 1976.

**654**

Bernard E. Bernstein, L. Caesar Stair, III, Bernstein, Dougherty & Susano, Knoxville, for plaintiff.

Robert R. Campbell, Hodges, Doughty & Carson, Knoxville, for defendant.

## OPINION

FONES, Chief Justice.

Timothy Craven sued William D. Lee, III, driver, and Fred Lawson, owner, of a motor vehicle for personal injuries sustained while plaintiff was riding as a passenger. Lawson's alleged liability was predicated upon Lee operating the automobile with Lawson's consent and for his use and benefit.

On the Friday preceding a Monday trial date, Craven agreed to accept a sum of money from Lee in exchange for a covenant not to sue. It was understood between Craven and Lee that plaintiff would take a voluntary non-suit as to Lee and pursue his lawsuit against Lawson.

On the trial date, Lawson moved to amend his answer to assert that Craven had given Lee a covenant not to sue and also moved for summary judgment on the ground that the release of Lee extinguished the derivative or vicarious liability of Lawson.

The trial judge sustained both motions on the same day they were filed and presented.

Prior to the entry of orders sustaining Lawson's motions, plaintiff moved to amend his complaint against Lawson to allege negligent entrustment and other independent acts of negligence and moved the court to vacate the summary judgment on the ground that the motion had not been filed thirty (30) days prior to the hearing thereon as required by Rule 56.03 TRCP. Both of plaintiff's motions were overruled by the learned trial judge and the Court of Appeals affirmed.

We granted certiorari to consider three (3) issues.

Is the rule requiring that a motion for summary judgment be served at least thirty (30) days prior to the hearing, mandatory or discretionary?

Did the trial judge err in failing to grant plaintiff's motion to amend his complaint against Lawson?

Did the Uniform Contribution Among Tort Feasors Act change the rule of *Stewart v. Craig*, 208 Tenn. 212, 344 S.W.2d 761 (1961), that the derivative liability of a master or principal is extinguished by a covenant not to sue the servant or agent?

I.

The Court of Appeals held that the trial judge was in error in passing upon Lawson's motion for summary judgment on the same day the motion was filed but declared it to be harmless because the outcome of the motion after a thirty (30) day delay would have been the same.

The purpose of the rule is to allow the opposing party time to file discovery depositions, affidavits, etc., as well as to provide full opportunity to amend. In prescribing the thirty (30) day period the rule uses the word "shall" and we hold that it is mandatory and not discretionary.

■ In this case the facts as pleaded, bearing on the issue made on defendant's summary judgment motion are undisputed and the question presented is one of law only. In the interest of the orderly and expeditious disposition of litigation and to serve the manifest interest of the parties in this case we must finally decide that legal issue on this appeal, the effect of which is to render harmless the error of the trial judge. However, it should be apparent that where there is the slightest possibility that the party opposing the motion for summary judgment has been denied the opportunity to file affidavits, take discovery depositions or amend, by the disposition of a motion for summary judgment without a thirty (30) day interval following the filing of the motion, it will be necessary to remand the case to cure such error.

## II.

■ It was an abuse of discretion to deny plaintiff's motion to amend under the circumstances in this case. Plaintiff's settlement with Lee resulted in Lawson's assertion of a legal principle that, if sustained, would extinguish the cause of action based solely on derivative liability. This development gave rise to a consideration by plaintiff of any possible grounds of independent negligence, which was of little or no significance theretofore. No dilatory tactics, negligence or other fault can be attributed to plaintiff for failure to offer the proposed amendment earlier. He was entitled to negotiate a settlement with one of the parties and to pursue his cause of action against the remaining party. The fact that plaintiff's amendment would no doubt have required a continuance, provided no justification for denial in the particular circumstances of this case. The premature grant of the motion for summary judgment obviously upset the appropriate sequence of assertion of plaintiff's cause of action against the remaining defendant. With respect to the right to amend generally, after a motion for summary judgment has been made, see Moore's Federal Practice, Second Edition, Volume 6, Section 56.10, p. 2125 et seq.

Rule 15 tells trial judges that leave to amend shall be freely given when justice so requires. As Mr. Justice Henry said in *Branch v. Warren,* 527 S.W.2d 89 (Tenn. 1975), the rule needs no construction, it means precisely what it says.

## III.

■ T.C.A. Section 23–3105 provides in part:

"*23–3105. Effect of release or covenant not to sue upon liability of other tort-feasors.*—When a release or covenant not to sue or not to enforce judgment is given in good faith to one (1) of two (2) or more persons liable in tort for the same injury or the same wrongful death;

(a) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and

(b) It discharges the tort-feasor to whom it is given from all liability for contribution to any other tort-feasor."

In urging that the Uniform Act changed the rule of *Stewart v. Craig, supra,* plaintiff reasons that the language of the Act embraces vicarious tort-feasors as well as joint tort-feasors and active-passive tort-feasors by the use of the language "one (1) of two (2) or more *persons liable in tort for the same injury.*" T.C.A. § 23–3105. (Emphasis supplied).

The argument is persuasive; however, our research convinces us that it was not the intent of the Commissioners on Uniform State Laws nor of our Legislature to embrace the derivative or vicarious liability of masters or principals within the scope of T.C.A. § 23–3105.

The common law denied contribution among tort-feasors based upon the theory that wrongdoers did not deserve the assistance of the courts in achieving equal or proportionate distribution of a common burden. Tennessee was one of only six (6) states to recognize by judicial rule some form of contribution among tort-feasors prior to any legislative enactment.

In 1939, the Commissioners on Uniform State Laws promulgated the first uniform act providing for contribution among tort-feasors. The 1939 act has been adopted in eight (8) jurisdictions. Apart from any version of the Uniform Act, eight (8) states have statutes which are limited in their effect to contribution between joint judgment defendants. Six (6) other states have rather brief statutes declaring the right to contribution, that leave many questions for interpretation by the courts. In short, it is a field of the law totally lacking in uniformity.

In 1955, the Commissioners on Uniform State Laws promulgated a revision of the 1939 Act, with a view to reconciling serious variations that existed. Uniform Laws Annotated, Civil Procedural and Remedial Laws, Master Edition, Volume 12, pp. 59–60 (1975).

Our legislature adopted the Uniform Contributions Among Tort Feasors Act of 1955 by Chapter 575, Public Acts 1968.

Section 6 of the 1939 Uniform Act provides as follows:

"§ 6. *Indemnity.*—This Act does not impair any right of indemnity under existing law." Uniform Laws Annotated at 58.

The 1955 Act added a sentence to the indemnity section and it appears in T.C.A.

§ 23–3102 as subsection (f) which reads as follows:

"(f) This chapter does not impair any right of indemnity under existing law. Where one tort-feasor is entitled to indemnity from another, the right of the indemnity obligee is 'for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of his indemnity obligation."

The Commissioners comment observes that the single sentence of the 1939 Act apparently left it uncertain whether there could be contribution in any indemnity situation and continues as follows:

" . . . It seems clear that there should be no contribution. Where a master is vicariously liable for the tort of his servant, the servant has no possible claim to contribution from the master; and the master does not need contribution from the servant and will not seek it, since he is entitled to full indemnity. The master, of course, may recover contribution from any third tortfeasor against whom he has no right of indemnity." Uniform Laws Annotated at 66.

Our case law has long recognized the right of the master or principal to obtain indemnity from the servant or agent in a derivative liability situation. *See e. g., D. B. Loveman Co. v. Bayless,* 128 Tenn. 307, 160 S.W. 841 (1913).

■ Where the right of full indemnity exists between persons liable in tort, no right of contribution exists.

Where no right of contribution exists, the act does not purport to intrude. Thus, the section providing that a covenant not to sue discharges the covenantee from contribution and does not discharge any other tort feasor, has no application to the master-servant, principal-agent relationship, where liability is solely derivative.

Plaintiff relies upon four (4) cases from other jurisdictions that have held that a release of the agent or servant does not

discharge his principal or master even where recovery is based solely upon vicarious liability.

*Hertz Corporation v. Hellens,* 140 So.2d 73 (Fla.App.1962) and *Ritter v. Technicolor Corp.,* 27 Cal.App.3d 152, 103 Cal.Rptr. 686 (1972) involve interpretations of statutes of Florida and California that differ from the 1939 and 1955 Uniform Contribution Among Tort Feasors Acts. Also in the Florida case the further distinction exists in that liability is predicated upon the doctrine that an automobile is a dangerous instrumentality. In California, prior to the adoption of that state's unique contribution among tort feasors statutes, case law had held that the release of a servant did not discharge the master.

*Holve v. Draper,* 95 Idaho 193, 505 P.2d 1265 (1973), and *Smith v. Raparot,* 101 R.I. 565, 225 A.2d 666 (1967), involve interpretations of the 1939 Uniform Contribution Among Tort Feasors Act. We have heretofore pointed out that the 1955 Act makes it clear that where the right of indemnity exists the act has no application. Neither the Idaho nor the Rhode Island Court gave any consideration to the effect of the indemnity subsection of the 1939 Act.

## IV.

The result is that defendant's motion for summary judgment is sustained only to the extent of discharging Lawson from any derivative liability predicated on a master-servant or principal-agent relationship with Lee.

The trial court's decree disallowing plaintiff's amendment and dismissing his suit is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs are adjudged against defendant Lawson.

COOPER, HENRY and HARBISON, JJ., and HYDER, Special Justice, concur.

BROCK, J., not participating.

OPINION ON PETITION TO REHEAR

Upon consideration of the petition to rehear filed on behalf of Craven, the Court is of the opinion that we did not overlook any points or authority in reaching our decision heretofore announced; and the petition is therefore denied.

COOPER, HENRY and HARBISON, JJ., and HYDER, Special Justice, concur.