ANTHONY GENE YATES, PLAINTIFF v. NEW SOUTH PIZZA, LTD., D/B/A
DOMINOS PIZZA, DEFENDANT

No. 8921SC1014

(Filed 5 March 1991)

**Torts § 3.1 (NCI3d) — negligent employee — settlement with em-
ployee — no right of action against employer — Uniform Con-
tribution among Tort-Feasors Act inapplicable**

> Plaintiff who was injured in an automobile accident alleged-
> ly arising from the negligence of defendant's employee during
> the course of his employment was not entitled to recover against
> defendant employer under the Uniform Contribution among
> Tort-Feasors Act, since plaintiff settled his claim against the
> employee; he then brought this action against the employer
> under the theory of respondeat superior; an employer who
> is held liable under the doctrine of respondeat superior has
> the right to indemnity from his employee whose negligent
> acts gave rise to the employer's liability in the first instance;
> and pursuant to the Act, indemnification is not contribution,
> and indemnification rights are not affected by the Act. N.C.G.S.
> §§ 1B-1 through 1B-7.

**Am Jur 2d, Master and Servant §§ 408, 409.**

**Release of (or covenant not to sue) master or principal
as affecting liability of servant or agent for tort, or vice versa.
92 ALR2d 533.**

APPEAL by plaintiff from judgment entered 15 May 1989 by
*Judge James A. Beaty, Jr.,* in FORSYTH County Superior Court.
Heard in the Court of Appeals 4 April 1990.

*Bruce C. Fraser for plaintiff-appellant.*

*David F. Tamer for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and
James R. Morgan, Jr., for defendant-appellee.*

PARKER, Judge.

Plaintiff appeals from a summary judgment entered for defend-
ant. In this civil action arising out of the alleged negligent operation
of an automobile, plaintiff seeks damages for personal injuries he

suffered in September 1985 when an automobile driven by defendant's employee, allegedly in the course of his employment, collided with the automobile in which plaintiff was a passenger. Plaintiff settled his claim against the employee on 26 August 1987 and instituted this action in August 1988. The written settlement agreement, entitled "Covenant Not to Sue," expressly purported to reserve plaintiff's right to proceed against defendant under the doctrine of respondeat superior. Defendant's answer to plaintiff's complaint denied negligence and asserted that plaintiff's settlement with the employee operated to release defendant from liability as a matter of law. Defendant moved for summary judgment on this same basis. In response to the motion plaintiff asserted in the trial court, as he does on appeal, that a release or covenant not to sue does not, under the Uniform Contribution among Tort-Feasors Act, N.C.G.S. §§ 1B-1 through 1B-7 (herein "the Act"), discharge other tort-feasors unless the terms of the agreement so provide. We disagree and affirm the judgment of the trial court.

At the outset, we note that our statute instructs that the Act should be interpreted and construed so as to make uniform the law of those states that have enacted the legislation. N.C.G.S. § 1B-5 (1983). Our research discloses, however, that among the states that have enacted either the 1939 or the 1955 version of the Act, no uniform position exists as to whether the release of an employee, agent or party primarily liable for a negligent act discharges the liability of the employer, principal or party secondarily liable for the negligent act. *See, e.g., Kinetics, Inc. v. El Paso Products Co.*, 99 N.M. 22, 653 P.2d 522 (Ct. App. 1982) (release of party with direct liability discharges parties with vicarious liability because not joint tort-feasors within the Act); *Van Cleave v. Gamboni Const. Co.*, 101 Nev. 524, 706 P.2d 845 (1985) (holding that a vicariously liable employer is a "tort-feasor" under the Act and that the provisions of the Act governing release agreements apply); *Mamalis v. Atlas Van Lines, Inc.*, 364 Pa. Super. 360, 528 A.2d 198 (1987), *aff'd*, 522 Pa. 214, 560 A.2d 1380 (1989) (holding that the concept of "joint tort-feasor" under the 1939 version of the Act does not apply to the vicarious liability of a principal based on the negligence of the agent); *Smith v. Raparot*, 101 R.I. 565, 225 A.2d 666 (1967) (master and servant are "joint tort-feasors" within the 1939 version of the Act); *Craven v. Lawson*, 534 S.W.2d 653 (Tenn. 1976) (holding that where indemnity governs the apportionment of loss between the tort-feasors, the release provisions

of the Act do not apply). A uniform application of the law in this area is further complicated by the adoption of comparative negligence in some of the states which have adopted the Act. In these jurisdictions the cases applying the Act reflect comparative negligence doctrines and considerations which are not a part of North Carolina's contributory negligence law. *See, e.g., Hoerr v. Northfield Foundry and Mach. Co.*, 376 N.W.2d 323 (N.D. 1985); *Horejsi by Anton v. Anderson*, 353 N.W.2d 316 (N.D. 1984).

In view of this split in authority, we decide the case before us on appeal solely on the basis of our case law and the construction of our contribution statute. The North Carolina Act states in pertinent part:

(a) *Except as otherwise provided in this Article,* where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, *there is a right of contribution* among them even though judgment has not been recovered against all or any of them.

N.C.G.S. § 1B-1(a) (emphasis added). Immediately following the above-stated provision acknowledging the right to contribution are provisions that more clearly define the limits of the right to contribution. Specifically, the statute provides that (i) the right to contribution exists only when a tort-feasor has paid more than his pro rata share; (ii) no right to contribution exists when the act of the tort-feasor was intentional; (iii) a tort-feasor who settles with a claimant is not entitled to contribution; and (iv) an insurer may, under certain conditions, succeed to the tort-feasor's right to contribution. N.C.G.S. § 1B-1(b), (c), (d), (e). This same section contains the following language:

(f) This Article does not impair any right of indemnity under existing law. Where one tort-feasor is entitled to indemnity from another, the right of the indemnity obligee is for indemnity and not contribution, and the indemnity obligor is not entitled to contribution from the obligee for any portion of his indemnity obligation.

N.C.G.S. § 1B-1(f). Thus, when there is a right to indemnity from another tort-feasor, the Uniform Contribution among Tort-Feasors Act is inapplicable as there is no right to contribution. *Accord Craven v. Lawson*, 534 S.W.2d 653 (Tenn. 1976); *see also Edwards v. Hamill*, 262 N.C. 528, 531, 138 S.E.2d 151, 153 (1964) (holding that the rights of contribution and indemnity are mutually incon-

sistent since the former assumes joint fault and the latter derivative fault).

Although it appears that the legislature intended the phrase in N.C.G.S. § 1B-1(f) to mean "where one tort-feasor is entitled to indemnity from another tort-feasor," the language of the statute is simply "where one tort-feasor is entitled to indemnity from another." Since the term "another" as used in the statute is ambiguous, we must apply principles of statutory construction "to ascertain the legislative will." *Young v. Whitehall Co.*, 229 N.C. 360, 367, 49 S.E.2d 797, 801 (1948). Where the meaning of a statute is in doubt, references may be had to the title and context of the act as legislative declarations of its purpose. *Sykes v. Clayton, Comr. of Revenue*, 274 N.C. 398, 406, 163 S.E.2d 775, 781 (1968). The title of the Act makes clear that the statute applies to "tort-feasors" and the context of the legislation indicates that it is concerned only with the apportionment of loss as between "tort-feasors"; therefore, the Act should not be read to speak to apportionment of loss by contract between a tort-feasor and a third party. *See also In re Hardy*, 294 N.C. 90, 95-96, 240 S.E.2d 367, 371-72 (1978) (holding that "[w]ords and phrases of a statute may not be interpreted out of context" and individual expressions should be construed as a part of the composite whole in accord with the clear intent and purpose of the act).

The release provisions of the contribution statute provide:

When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

(1) It does not discharge any of the other tort-feasors from liability for the injury or wrongful death unless its terms so provide . . . [.]

N.C.G.S. § 1B-4. Plaintiff argues that regardless of whether contribution or indemnity is available to apportion loss among the tort-feasors, the complainant's right to proceed against all tort-feasors arises under and is controlled by this statute and, thus, the release provisions of the statute allow him to proceed against defendant in the present case even though he settled with defendant's employee.

Chapter 1B of the General Statutes does not, however, create any new causes of action, but merely establishes a framework for

distributing loss among tort-feasors. Plaintiff's cause of action against defendant under the doctrine of respondeat superior for the alleged negligence of defendant's employee acting in the course of his employment arises under the common law. *See MacFarlane v. Wildlife Resources Com.*, 244 N.C. 385, 387, 93 S.E.2d 557, 559 (1956), *overruled on other grounds sub nom. Barney v. Highway Comm.*, 282 N.C. 278, 192 S.E.2d 273 (1972). Under this doctrine the master is liable derivatively for the employee's negligent actions. "If the act of the . . . employee is not negligent, or does not proximately cause the injury complained of, the master is not liable." *Hudson v. Oil Co.*, 215 N.C. 422, 427, 2 S.E.2d 26, 29 (1939). An employer who is held liable under the doctrine of respondeat superior has the right to indemnity from his employee, whose negligent acts gave rise to the employer's liability in the first instance. *Hendricks v. Fay, Inc.*, 273 N.C. 59, 159 S.E.2d 362 (1968). A third party who obtains a judgment against the employee may not bring a separate action against the employer liable solely under respondeat superior. *Pinnix v. Griffin*, 221 N.C. 348, 20 S.E.2d 366, 141 A.L.R. 1164 (1942). Similarly, as plaintiff concedes, the common law of this State provides that the release of an employee also releases the employer from liability under the doctrine of respondeat superior. *Smith v. R.R.*, 151 N.C. 479, 66 S.E. 435 (1909) (master not a joint tort-feasor because not active participant in injury; hence released by servant's release); *see also MacFarlane v. Wildlife Resources Com.*, 244 N.C. at 387, 93 S.E.2d at 560 (where an injured person reached a settlement with the employee, he could not thereafter recover against the employer).

In *Bristow v. Griffitts Construction Co.*, 140 Ill. App. 3d 191, 94 Ill. Dec. 506, 488 N.E.2d 332 (4th Dist. 1986), the Court construed language in section 2(c) of the Illinois "Act in relation to contribution among joint tortfeasors," which is almost identical to that in N.C.G.S. § 1B-4(1) and concluded

> Section 2(c) was designed to encourage settlements. Because we find an action for indemnity remains viable in cases involving vicarious liability, the employee in this case would gain nothing in return for his $20,000 and relinquishing his right to defend unless the covenant not to sue also extinguished the employer's vicarious liability. We, therefore, find a party whose liability is solely derivative is not "any of the other tortfeasors" within the meaning of section 2(c).

*Id.* at 198, 94 Ill. Dec. at 512, 488 N.E.2d at 338. We find the logic of this analysis persuasive as to both the public policy of the Act to encourage settlement and the plain language of the Act that indemnification is not contribution and that indemnification rights are not affected by the Act. N.C.G.S. § 1B-1(f). In construing a statute a court reads all sections *in pari materia* so as to give effect to each if possible. *Williams v. Williams*, 299 N.C. 174, 180-81, 261 S.E.2d 849, 854-55 (1980). An interpretation that the release provision of the Act allows an action against the vicariously liable employer when the negligent employee has been released ignores the indemnification provision. Inasmuch as we have held that the Act does not apply when there is a right to indemnity, the judgment of the trial court granting summary judgment in favor of defendant is affirmed.

Affirmed.

Chief Judge HEDRICK and Judge COZORT concur.