# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

| | | |
|---|---|---|
| **L. KATHERINE JARRED, M.D.** | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | Shelby Law No. 63943-4 T.D. |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KITSIE HENDRIX, D.D.S.** | ) | Appeal No. W1998-00550-COA-R3-CV |
| | ) | |
| Defendant/Appellee. | ) | |

**FILED**

December 15, 1999

**Cecil Crowson, Jr.
Appellate Court Clerk**

## APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
### AT MEMPHIS, TENNESSEE

### THE HONORABLE JAMES E. SWEARENGEN, JUDGE

For the Plaintiff/Appellant:

David Lumb
Memphis, Tennessee

For the Defendant/Appellee:

Gary K. Smith
Marcy L. Dodds
Memphis, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

W. FRANK CRAWFORD, P.J., W.S.

DAVID R. FARMER, J.

**OPINION**

This is a dental malpractice case. The trial court granted summary judgment to the defendant dentist based on the plaintiff's failure to submit sufficient expert medical testimony to support her claim. The plaintiff then filed a motion to alter or amend the summary judgment order, which was denied on the basis that the information submitted in support of the motion to alter or amend was available prior to the grant of summary judgment. We affirm both the grant of summary judgment and the denial of plaintiff's motion to alter or amend the judgment.

Plaintiff/appellant, Katherine Jarred ("Jarred"), filed her original complaint on August 16, 1994, and filed an amended complaint approximately two months later. Jarred alleged that in 1992 defendant/appellee, dentist Dr. Kitsie Hendrix ("Hendrix"), improperly inserted eight dental implants into her mouth. Jarred asserted that Hendrix failed to prepare a proper diagnosis or treatment plan and failed to consult a qualified dentist to do the necessary reconstructive dental work. Jarred claimed that the implants did not support a fixed bridge as intended, and that this was a result of Hendrix' negligence.

On September 5, 1997, three years after the original complaint was filed, Hendrix filed a motion for summary judgment, arguing that Jarred had failed to produce medical evidence sufficient to satisfy the requirements for a claim of medical malpractice. Approximately three weeks later, Jarred responded to the motion by filing the affidavit of Dr. Roger Craddock ("Dr. Craddock"), a dentist practicing in Memphis, Tennessee, who had agreed to act as Jarred's expert witness. Dr. Craddock stated in his affidavit that Hendrix had deviated from the standard of care as it existed in 1992 at the planning phase of the implant work she performed on Jarred.

Dr. Craddock was to be deposed by Hendrix on April 9, 1998. On the day of the deposition, Jarred's attorney claims that Dr. Craddock attempted to withdraw from the case because of pressure he had received from the local dental community about testifying as an expert witness on behalf of a plaintiff in a dental malpractice case. Dr. Craddock denies that he ever told Jarred's attorney that he had been pressured by the dental community. He states that he simply told Jarred's attorney the day of the deposition that he did not want to testify because he did not think that Jarred had a good case.

Dr. Craddock went ahead with the deposition, but his testimony included conclusions different than those in his affidavit. Dr. Craddock testified in his deposition that he was not able to conclude that Hendrix fell below the standard of care in 1992 because he did not know the status of

Jarred's mouth in 1992. Dr. Craddock testified that he could not retrospectively ascertain the state of Jarred's mouth in 1992 based on the treatment notes and on x-rays of Jarred's mouth dating back to August 1989.

After Dr. Craddock's deposition, Hendrix immediately renewed her original motion for summary judgment. She filed a supplemental memorandum in support of the motion which included portions of Dr. Craddock's deposition testimony. The memorandum incorporated the same legal argument contained in Hendrix' original motion for summary judgment, i.e. that Jarred failed to produce medical evidence sufficient to support her claim. A hearing on the motion was set for May 8, 1998.

On May 4, 1998, Jarred filed the affidavit of Dr. Gregory E. Tharp ("Dr. Tharp"), a licensed dentist practicing in Jackson, Mississippi. Dr. Tharp's affidavit stated that he had reviewed records pertaining to Jarred's treatment by Hendrix and by other dentists dating back to 1990. From these records, Dr. Tharp concluded that Hendrix had deviated from the standard of dental care in 1992 in her treatment of Jarred in several respects, including: (1) failing to formulate a clear, concise plan for the replacement of Jarred's teeth using the dental implants created by Hendrix, (2) failing to consult a restorative dentist about Jarred's specific prosthetic requirements, (3) failing to create mounted diagnostic casts and pre-surgical trial set-ups, and (4) failing to take a panoramic radiographic image of Jarred's mouth. Dr. Tharp stated in his affidavit that he was familiar with the degree of care exercised by dentists performing implant-related surgery and restorative work "in this part of the country."

Jarred's attorney delivered Dr. Tharp's affidavit to Hendrix' attorney on May 4, 1998, and wrote to him that he "expected to strike [the pending] summary judgment motion [because] it now appeared moot." The motion was not struck, however, and the hearing remained scheduled for May 8. Three days later, Jarred filed a supplemental response to Hendrix' interrogatories which summarized the contents of Dr. Tharp's affidavit. Dr. Tharp's affidavit and his curriculum vitae were attached as exhibits to the interrogatory response.

At the hearing, Hendrix argued that Dr. Tharp's affidavit was insufficient to survive the motion for summary judgment because the affidavit did not indicate that Dr. Tharp was familiar with the standard of care for implant dentistry in 1992, and because it did not state that Dr. Tharp was familiar with the appropriate standard of care in Memphis, Tennessee, or a similar community.

2

Jarred argued that Dr. Tharp had the requisite knowledge of the type of dentistry involved, and that Dr. Tharp was "familiar with the standard of care in Memphis, because it is a national standard of care." Jarred argued that the points raised by Hendrix regarding Dr. Tharp's affidavit were technical points that had never been raised before, and offered to correct any problems with Dr. Tharp's affidavit. Hendrix noted that Jarred's case had been pending for years, and maintained that the motion for summary judgment continued to be based on failure to meet the requirements of Tennessee Code Annotated § 29-26-115.

At the conclusion of the hearing, the trial court held that the sufficiency of Dr. Tharp's affidavit was a question of law, and granted Hendrix' motion for summary judgment. Jarred argued that any deficiencies in Dr. Tharp's affidavit could be cured by filing an amended affidavit and asked for the opportunity to do so. The trial court permitted Jarred to file an amended affidavit in order to preserve the issues for appeal.

On May 15, 1998, Jarred filed the amended affidavit, also referred to as the "supplemental" affidavit. In this affidavit, Dr. Tharp states that he has performed implant work since 1988, four years before Hendrix' treatment of Jarred. Dr. Tharp also states that he is familiar with the standard of care "in 1992 in communities similar to Memphis where Dr. Hendrix practiced." A copy of Dr. Tharp's curriculum vitae was attached as an exhibit to the affidavit.

Subsequently, Jarred filed a motion under Rules 59.04 and 60 of the Tennessee Rules of Civil Procedure to alter or amend the trial court's summary judgment order, or for relief from the summary judgment order, based on the supplemental affidavit. In this motion, Jarred noted that Dr. Craddock had been Jarred's expert witness until his deposition, four weeks before the hearing on Hendrix' summary judgment motion. When Dr. Craddock purportedly reneged on his testimony in favor of Jarred, Jarred's attorney was faced with a short period of time in which to obtain another expert. Under the time constraints, Dr. Tharp's affidavit was obtained a few days before the hearing on Hendrix' motion for summary judgment. Jarred's attorney argued that Hendrix' attack on the sufficiency of Dr. Tharp's affidavit was a surprise, noted the supplemental affidavit which allegedly cured any prior insufficiencies, and asked the trial court to grant relief from its prior order of summary judgment.

The trial court denied Jarred's motion to alter or amend the judgment or for relief from the judgment. Jarred now appeals the court's grant of summary judgment and its denial of the motion to alter or amend.

On appeal, Jarred argues that the trial court erred in granting Hendrix' motion for summary judgment because Jarred was not given the thirty-day notice required under the Tennessee Rules of Civil Procedure to respond to the summary judgment motion, and because Dr. Tharp's affidavit was sufficient to qualify him to testify as an expert in support of Jarred's claim. Jarred also contends that the trial court erred in denying the post-judgment motion under Rules 59.04 and 60 of the Tennessee Rules of Civil Procedure because the supplemental affidavit makes it clear that Dr. Tharp was qualified to testify.

A motion for summary judgment may be granted when the movant demonstrates that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *See* Tenn.R.Civ.P. 56.03. The party moving for summary judgment bears the burden of demonstrating that no genuine issue of material fact exists. ***See Byrd v. Hall***, 847 S.W.2d 208, 211 (Tenn. 1993). In considering a motion for summary judgment, courts must view the evidence in the light most favorable to the non-moving party and must draw all reasonable inferences in the non-moving party's favor. ***See Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995). Summary judgment should be granted only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. ***See id***. We review the trial court's grant of summary judgment *de novo*, with no presumption of correctness. ***See id.***

Jarred argues first that the trial court improperly granted summary judgment because she was not given the thirty-day notice required under Tennessee Rules of Civil Procedure Rule 56.03 in which to respond to Hendrix' claim that Dr. Tharp was not qualified to testify as an expert in this case. Jarred cites ***Craven v. Lawson***, 534 S.W.2d 653 (Tenn. 1976), for the proposition that a motion for summary judgment should not be granted if the party opposing the motion has been denied the opportunity to file affidavits or to amend without a thirty-day interval following the filing of the motion. ***Id***., 534 S.W.2d at 655.

Hendrix counters that Jarred had known since Hendrix filed her original summary judgment motion in September 1997 that the basis for the motion was Jarred's failure to produce competent medical evidence. Hendrix asserts that Jarred should have known that Hendrix would challenge the

4

adequacy of Dr. Tharp's affidavit at the hearing because there would have been no other good faith argument upon which Hendrix could maintain her request for summary judgment.

When Hendrix' motion for summary judgment was filed in September 1997, Jarred had no expert testimony to support her claim. The stated reason for the motion was that Jarred had "failed to produce any competent medical evidence. . . which would tend to establish a disputed issue of fact . . . ." Later that month, Jarred filed the affidavit from Dr. Craddock.

Dr. Craddock's deposition was taken in April 1998. After Dr. Craddock's deposition, Hendrix renewed the same motion for summary judgment and filed a supplemental memorandum in support of the earlier summary judgment motion. In the supplemental memorandum, Hendrix noted that Dr. Craddock testified in his deposition that Hendrix had not deviated from the appropriate standard of care in treating Jarred. Hendrix argued that, consequently, Jarred still had not submitted expert medical proof in support of her claim that met the requirements of Tennessee Code Annotated § 29-26-115. By the time of the hearing on May 8, 1998, Jarred had submitted Dr. Tharp's affidavit, and Hendrix argued that Dr. Tharp's affidavit was insufficient under Tennessee Code Annotated § 29-26-115.

From September 1997 forward, the basis for Hendrix' motion remained the insufficiency of Jarred's expert medical proof under Tennessee Code Annotated § 29-26-115. The requirements of Section 29-26-115 remained unchanged, and Jarred was not faced with new facts from Hendrix to which Jarred was required to react. At the hearing on Hendrix' motion, Jarred encountered only the application of Section 29-26-115 to the medical proof she submitted. Under the circumstances, we do not conclude that the trial court erred in deciding Hendrix' summary judgment motion on the scheduled hearing date.

Jarred next argues that the trial court erred in granting Hendrix' motion for summary judgment because Dr. Tharp was qualified under Tennessee Code Annotated § 29-26-115. Jarred contends that the trial judge erroneously believed that implant dentistry required qualifications that Dr. Tharp did not possess, and that these qualifications were necessary for Dr. Tharp to testify in support of Jarred's claim.

Regardless of Dr. Tharp's qualifications testify on implant dentistry, Dr. Tharp's first affidavit clearly does not meet the requirements of Tennessee Code Annotated § 29-26-115. Section 29-26-115(a)(1) requires that the plaintiff prove the "recognized standard of acceptable professional

5

practice. . . in the community in which he practices or in a similar community at the time the alleged injury . . . occurred. . . ." Dr. Tharp's first affidavit states only that he is "familiar with the degree of care normally exercised by minimally competent . . . dentists . . . *in this part of the country.*" While Jarred argues that the applicable standard of care is a national one, no evidence of this was presented to the trial court. Moreover, the language in the statute is clear; the expert must be familiar with the standard of care in the community in which the defendant practices or in a "similar community." Jarred's first affidavit fails to met this requirement. Consequently, we cannot conclude that the trial court erred in granting Hendrix' motion for summary judgment.

We turn now to Jarred's contention that the trial court erred in denying her post-judgment motion to alter or amend the summary judgment order. Jarred argues that the trial court should have granted the motion because Dr. Tharp's supplemental affidavit cured any deficiencies contained in the original affidavit.

Jarred filed a motion under Rule 59.04 of the Tennessee Rules of Civil Procedure to alter or amend the judgment, and under Rule 60 of the Tennessee Rules of Civil Procedure for relief from the summary judgment order. A motion under Rule 59.04 may be granted (1) when the controlling law changes before a judgment becomes final, (2) when previously unavailable evidence becomes available, or (3) when, for *sui generis* reasons, a judgment should be amended to correct a clear error of law or to prevent injustice. *See Helton v. ACS Group*, 964 F.Supp. 1175, 1182 (E.D.Tenn. 1997) (construing Fed.R.Civ.P. 59(e)). A Rule 59.04 motion should not be granted if it seeks to relitigate matters that have already been adjudicated. *See Windsor v. A Fed. Executive Agency*, 614 F.Supp. 1255, 1264 (M.D.Tenn.1983) (construing Fed.R.Civ.P. 59(e)). Thus, a Rule 59.04 motion should not be granted if the movant seeks to introduce evidence that could have been adduced and presented while the summary judgment motion was pending. *See Helton v. ACS Group*, 964 F.Supp. at 1182; *Bradley v. McLeod*, 984 S.W.2d 929, 933 (Tenn.App. 1998).

Rule 60.02 states that a court may grant relief from a final judgment for several reasons, including:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn.R.Civ.P. 60.02(1) - (5).

The decision to grant either a Rule 59.04 motion, *see Donnelly v. Walter*, 959 S.W.2d 166, 168 (Tenn.App. 1997), or a Rule 60.02 motion, *see Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993), lies within the sound discretion of the trial court. On appeal, the scope of review of a trial court's disposition of a Rule 60.02 motion is abuse of the trial court's discretion. *See Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 18 (Tenn. 1991); *see also Underwood* at 97. Though less clear, several Tennessee cases indicate that a trial court's decision concerning a Rule 59.04 motion is accorded the same level of review, even if the motion is filed after the entry of summary judgment rather than after a trial. *See Bradley*, 984 S.W.2d at 933; *see also Donnelly*, 959 S.W.2d at 168; *Marr v. Montgomery Elevator Co.*, 922 S.W.2d 526, 527-528 (Tenn.App. 1995); *Tuck v. State*, No. 03A01-9510-BC-00355, 1996 WL 310012, at *4, (Tenn.App. June 11, 1996) (citing *Esstman v. Boyd*, 605 S.W.2d 237 (Tenn.App. 1979)). However, strong consideration should be given to post-judgment motions filed after summary judgment, rather than after a trial, since the moving party seeks an opportunity to try his case for the first time. *See Schaefer v. Larsen*, 688 S.W.2d 430, 433-434 (Tenn.App. 1984); *see also McCorkle v. County of Dyer*, No. 02A01-9701-CV-00020, 1998 WL 15547, at *4 - *5, (Tenn.App. Apr. 6, 1998).

To support her post-summary judgment motion, Jarred submitted the supplemental affidavit of Dr. Tharp. The supplemental affidavit differed from the original affidavit in these respects: (1) Dr. Tharp did not state in the original affidavit that he practiced implant dentistry at the time Jarred's alleged injury occurred, but stated in his supplemental affidavit he has performed implant work "since 1988"; (2) Dr. Tharp stated in the original affidavit that he is familiar with the degree of care exercised by dentists "in this part of the country", but stated in his supplemental affidavit that he is familiar with the standard of care exercised by dentists "in 1992 in communities similar to Memphis where Dr. Hendrix practiced."

There is no indication in the record that the information contained in the supplemental affidavit was "newly discovered" or was otherwise unavailable prior to the hearing on Hendrix' summary judgment motion. At the hearing, Jarred was not faced with facts from Hendrix not previously known to Jarred; all along, Hendrix' motion has been based on Jarred's failure to produce expert medical testimony that met the requirements of Tennessee Code Annotated § 29-26-115. Under these

circumstances, we cannot conclude that the trial court's denial of Jarred's motion to alter or amend the judgment or for relief from the judgment constituted an abuse of discretion.

The decision of the trial court is affirmed. Costs are assessed against Appellant, L. Katherine Jarred, for which execution may issue if necessary.

                                            **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P. J., W.S.**

**DAVID R. FARMER, J.**