# IN THE COURT OF APPEALS OF TENNESSEE
## AT  KNOXVILLE
### February 25, 2015 Session

## MARTHA HUNGERFORD v. JANE BOEDEKER, ET AL.

### Appeal from the Chancery Court for Hawkins County
### No. 2012CH89    Michael Falk, Judge Sitting by Interchange

---

### No. E2014-01381-COA-R3-CV-FILED-MAY 11, 2015

---

Martha Hungerford ("Plaintiff") filed a petition seeking a declaration that Jimmy Hungerford was a child and legal heir at law of Thomas Hungerford.  Plaintiff filed a motion for summary judgment.  After a hearing the Chancery Court for Hawkins County ("the Trial Court") granted Plaintiff summary judgment.  James E. Price ("Defendant") appeals the grant of summary judgment to Plaintiff.  We find and hold that Plaintiff failed to comply with Tenn. R. Civ. P. 56.04 and, therefore, summary judgment should not have been granted.  We vacate the grant of summary judgment and remand this case for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated
### Case Remanded

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

W. Keith Repass, Dandridge, Tennessee, for the appellant, James E. Price.

Christopher P. Capps, Morristown, Tennessee, for the appellee, Martha Hungerford.

# OPINION

## Background

Plaintiff is the widow of Jimmy Hungerford who was born in Hawkins County, Tennessee on October 29, 1934. Jimmy Hungerford died a resident of North Carolina in November of 2007. Jimmy Hungerford's birth certificate lists his father as Thomas Hungerford and his mother by her maiden name of Louise Wilson. Thomas Hungerford died a resident of the state of Texas possessing real property that produces oil and gas royalties payable to his heirs.

Plaintiff filed suit in April of 2012 seeking a declaration that Jimmy Hungerford was a child and legal heir at law of Thomas Hungerford. Jane Boedeker, Debbie Shelton, and Defendant answered Plaintiff's petition admitting, among other things, that Jane Boedeker "is a daughter of Tom Hungerford, although no one knows Thomas Hungerford," and denying that Jimmy Hungerford is an heir of Tom Hungerford.

Plaintiff filed a motion for summary judgment supported by, among other things, a statement of undisputed material facts and Jimmy Hungerford's birth and death certificates. After a hearing the Trial Court entered its order on June 17, 2014 granting Plaintiff summary judgment after finding and holding, *inter alia*:

> This cause came on to be heard on the 7th day of May, 2014, before the Honorable Michael Falk, Circuit Court Judge for the Third Judicial District of Tennessee, upon the Motion for Summary Judgment filed by the Petitioner herein, the response of respondents Eddie Price et al, argument of counsel, and the record as a whole, which included a Tennessee birth certificate and death certificate of Jimmy Lynn Hungerford, which indicated that he was the son of Thomas M. Hungerford, and the marriage certificate of Thomas M. Hungerford to the mother of Jimmy Lynn Hungerford, M. Louise Hungerford, from all of which the Court finds that the Motion for Summary Judgment filed herein is well taken and that there being no genuine issue of material fact to be determined in this cause, judgment is granted to the Petitioner, Martha Hungerford as a matter of law, and said judgment is hereby **ENTERED**.

The record on appeal contains a copy of the marriage certificate referred to in the Trial Court's June 17, 2014 order that was filed on May 12, 2014, several days after the hearing on the motion for summary judgment. Defendant appeals the grant of summary judgment to this Court.

2

## Discussion

The dispositive issue in this case is whether the Trial Court erred in granting Plaintiff summary judgment when Plaintiff failed to comply with Tenn. R. Civ. P. 56.04. This issue raises a question of law, and we review a trial court's conclusions of law *de novo* with no presumption of correctness. *S. Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

Pursuant to Tenn. R. Civ. P. 56.04 a motion for summary judgment "shall be served at least thirty (30) days before the time fixed for the hearing." Tenn. R. Civ. P. 56.04. Our Supreme Court has held:

> The purpose of the rule is to allow the opposing party time to file discovery depositions, affidavits, etc., as well as to provide full opportunity to amend. In prescribing the thirty (30) day period the rule uses the word "shall" and we hold that it is mandatory and not discretionary.

*Craven v. Lawson*, 534 S.W.2d 653, 655 (Tenn. 1976).

In the case now before us, Plaintiff did not file the marriage certificate of Thomas M. Hungerford to M. Louise Hungerford until several days *after* the hearing on the motion for summary judgment, which in no way complies with the dictates of Tenn. R. Civ. P. 56.04.

In *Millsaps v. Roe* this Court noted that:

> [I]t has also been held that a failure to comply with Rule 56.04 does not require that a grant of summary judgment be set aside where the record does not contain any indication that the nonmoving party opposed the hearing of the motion within the 30-day period, requested a continuance, or was prejudiced by the premature hearing.

*Millsaps v. Roe*, No. E2003-02528-COA-R3-CV, 2004 WL 1698206, at *2 (Tenn. Ct. App. July 29, 2004), *no appl. perm. appeal filed*.

The facts in the case now before us are distinquishable from the facts in *Millsaps*. In *Millsaps,* the hearing on the motion for summary judgment "was held one day too soon." *Id.* at *2. The *Millsaps* Court held that "[t]he lack of one more day to prepare for a motion hearing can hardly be considered prejudicial under the facts of this case." *Id*. Thus, in *Millsaps* the nonmoving party had notice of the claim prior to the

3

hearing and sufficient time in which to prepare a defense and file opposing documents if they so chose.

In the case now before us, the marriage certificate was not filed until *after* the hearing on the motion for summary judgment and Defendant had no notice prior to the hearing that Plaintiff was claiming that Thomas Hungerford was married to the mother of Jimmy Hungerford. In her brief on appeal Plaintiff asserts that Defendant "makes much of the late filed marriage certificate, a modern copy of which was presented at the hearing, the actual copy of the original 1920 marriage certificate being filed five days later without objection at the hearing or upon its filing." Plaintiff has missed the point.

Plaintiff failed to plead the existence of the marriage of Thomas M. Hungerford to the mother of Jimmy Lynn Hungerford, failed to argue in her motion for summary judgment that said marriage existed, failed to include the fact of said marriage in her statement of undisputed material facts, failed to produce a copy of the marriage certificate until the day of the hearing on the motion for summary judgment, and failed to file and serve a copy of the marriage certificate until *after* the hearing. In short, Plaintiff gave no notice whatsoever to Defendant that she was claiming that Thomas Hungerford was married to the mother of Jimmy Hungerford until the day of the hearing on the motion for summary judgment.

Our system of justice does not condone trial by ambush, and the facts surrounding the production of the marriage certificate in this case constitute nothing short of ambush. The Trial Court clearly relied heavily upon the marriage certificate when it analyzed the case and granted Plaintiff summary judgment.[1] We find and hold that Defendant was prejudiced by Plaintiff's failure to provide notice prior to the hearing on the motion for summary judgment of her claim that Thomas Hungerford was married to the mother of Jimmy Hungerford. Defendant was given *no* notice of this claim prior to the hearing and, therefore, had no opportunity to prepare a defense. It may be that Defendant will be unable to prepare a defense to the marriage claim, but he must be given the time required by Tenn. R. Civ. P. 56.04 to attempt to do so.

Given Plaintiff's failure to comply with the dictates of Tenn. R. Civ. P. 56.04 and the fact that Defendant was prejudiced by said failure, we hold that summary

---

[1] It appears that the Trial Court was analyzing the case pursuant to Tenn. Code Ann. § 36-2-304, which provides: "A man is rebuttably presumed to be the father of a child if: (1) The man and the child's mother are married or have been married to each other and the child is born during the marriage or within three hundred (300) days after the marriage is terminated . . . ." Tenn. Code Ann. § 36-2-304 (2014).

4

judgment was improperly granted. We vacate the grant of summary judgment and remand this case to the Trial Court for further proceedings.

### **Conclusion**

The judgment of the Trial Court granting summary judgment to Plaintiff is vacated, and this cause is remanded to the Trial Court for further proceedings consistent with this Opinion and for collection of the costs below. The costs on appeal are assessed against the appellee, Martha Hungerford.

_____
D. MICHAEL SWINEY, JUDGE