**TEACHERS INSURANCE & ANNUITY ASSOCIATION, Plaintiff,**

v.

**Betty Treherne HARRIS, et al., Defendants-Appellants-Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 6, 1985.

Application for Permission to Appeal Denied by Supreme Court Dec. 23, 1985.

Gullett, Sanford & Robinson by Val Sanford and Todd J. Campbell, Nashville, for plaintiff.

Williams & Dinkins by Avon N. Williams, Jr., and Russell T. Perkins, Nashville, for defendants-cross-plaintiffs-appellees.

Carlton H. Petway, Nashville, for defendant-cross-defendant-appellant.

## OPINION

CANTRELL, Judge.

The plaintiff Insurance Company filed an action for interpleader to determine the primary beneficiary of two annuity contracts. Decedent's first wife was named beneficiary on each of the contracts and decedent's second wife was his surviving widow. Although a decree of divorce purportedly settled all claims for property between the decedent and his first wife, the Chancellor found the first wife to be entitled to the death proceeds payable under the annuities.

This case was decided in the court below on the pleadings. The plaintiff was the Teachers Insurance and Annuity Association, a New York life insurance company which issues retirement annuities and individual life insurance to non-profit colleges and universities and their employees. The plaintiff filed an action for interpleader alleging that in February of 1953, TIAA issued two retirement and annuity contracts to Carr A. Treherne; that these contracts provided for the payment of death proceeds in the event the annuitant should die prior to the annuity starting date; that Carr A. Treherne died on September 22, 1982, prior to the annuity starting date.

The complaint further alleged that the decedent was divorced from his first wife, Thelma M. Treherne, in 1982 and subse-

quently married JoAnn Treherne; that the application to TIAA for the annuity contracts showed the primary beneficiary to be the decedent's first wife, Thelma M. Treherne; that the contingent beneficiaries were Betty Treherne Harris, Thelma L. Treherne, Carr A. Treherne, Jr., and Robert M. Treherne; that JoAnn Treherne, decedent's second wife, gave notice to TIAA through her attorney that she claimed the benefits due under the annuity contracts; that Thelma Morton Treherne, decedent's first wife and the named beneficiary, also acted through her attorney to give notice to TIAA that she claimed the benefits due under the policy.

The complaint then states that subsequently Thelma Morton Treherne died leaving a will naming as co-personal representatives of her estate, Betty Treherne Harris and Robert Morton Treherne; that Betty Treherne Harris, co-executrix of Thelma M. Treherne, by and through her attorney, gave notice to TIAA that the Treherne estate claimed the benefits due under the annuities.

The complaint further admits liability to the true beneficiary of the annuity contracts and alleges that there are rival and conflicting claims to the proceeds of the policies which exposed the plaintiff to possible multiple litigation and/or liability. TIAA tendered the amount due under the policies into court and asked to be relieved of all liability and that the several defendants be required to settle among themselves the right to the proceeds. The separate answers filed on behalf of the two sets of defendants admitted the essential facts and each answer prayed for a judgment for the entire amount of the annuity proceeds. Each side filed a cross-claim against the other seeking a determination that the court declare that the other side was not entitled to the proceeds. In the cross-claim of JoAnn Treherne, she alleged that in the divorce decree entered in 1982, Thelma Morton Treherne waived her interests in the proceeds from the annuity contracts.

The defendants and cross-plaintiffs, Betty Treherne Harris, Robert Morton Treherne, Thelma Louise Treherne, and Carr Alfred Treherne, Jr., moved for judgment on the pleadings. The Chancellor set a hearing on the motion, and, after considering the entire record, and the argument of counsel, he granted the motion. The court found the estate of Thelma Morton Treherne to be entitled to the proceeds of the annuities or in the alternative, the death benefits would be payable to the contingent beneficiaries. Any and all claims made by the second wife, JoAnn Treherne, were dismissed.

The appellant's first issue on appeal concerns the Chancellor's consideration of matters outside the pleadings in ruling on the motion below. Rule 12.03 of the T.R.C.P. provides in part as follows:

If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

A determination of whether any matters outside the pleadings were presented to and not excluded by the court is hampered by the lack of a transcript of the hearing on the motion for judgment on the pleadings. In addition, appellant does not provide this court with any information regarding this issue in the appellate brief.

Apparently the court below in considering the motion for judgment on the pleadings did consider the divorce decree ending the marriage between Mr. and Mrs. Treherne. The appellee insists that the court did consider the decree because it was attached to the brief filed in the court below by the appellee in support of its motion. The trial judge has entered an order supplementing the record with a copy of the decree. Therefore, we are of the opinion that the divorce decree is a matter outside the pleadings since it does not appear anywhere else in the record. Technically then, the motion should have been

treated as a motion under Rule 56 and disposed of as one for summary judgment.

■ Appellant, therefore, contends that the requirement of T.R.C.P. 56.03 that such motions be served at least thirty days prior to the hearing was not met. The record reveals that the appellees served their motion for judgment on the pleadings on December 14, 1984, and the hearing on the motion was held on December 21, 1984. If we assume the motion should be considered under T.R.C.P. 56, then clearly this does not comply with the thirty day requirement of T.R.C.P. 56.03.

However, T.R.A.P. 36(a) concerning the relief available on appeal provides in part that:

> Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.

The record does not contain any indication that the appellant, JoAnn Treherne, opposed the hearing of the motion for judgment on the pleadings nor does the record contain any request for a continuance, even though the motion was heard seven days after service of a copy of that motion upon counsel.

In addition, Rule 36(b) T.R.A.P. provides that a judgment shall not be set aside for harmless error. There is no showing in the record that the appellant was prejudiced by the hearing on the motion within seven days after it was filed.

For the above reasons we are of the opinion that the failure to wait the required thirty days before considering the motion for judgment on the pleadings is not a reason to disturb the judgment in this case.

We are also of the opinion that the provisions of the divorce decree do not waive any rights Thelma Morton Treherne had as the designated beneficiary on these annuity agreements.

The decree provided:

> B. It is agreed by the parties that this Agreement shall be a final settlement of the property rights of the respective parties, and it is a full discharge of Husband from all other claims arising out of the marital relationship, that each party hereby waives and relinquishes to the other party all rights or claims which he or she may have or hereafter acquire under the law of any jurisdiction to the other's property, including without limitation, dower, curtesy, statutory allowance, homestead rights, rights to take against the will of the other, inheritance, descent or distribution, and the right to act as administrator or executor of the other's estate. This instrument applies to all property now owned by the parties either jointly or individually, or any property which either of them may acquire in the future.

■ In *Bowers v. Bowers*, 637 S.W.2d 456 (Tenn.1982), our Supreme Court had the identical question concerning a life insurance contract. In that case the divorce decree said, "Each party relinquishes to the other any right to claims not provided for herein." Nevertheless, the Supreme Court held that the property settlement agreement had no force and effect whatever upon the life insurance policy and neither the agreement nor the divorce terminated the wife's status as named beneficiary or her right to receive the proceeds. Although the appellant in this case argues that there is a difference between annuity agreements and a life insurance policy, we are unable to see any distinction. We think this case is governed by the decision in *Bowers*. Therefore, considering the provision of the divorce decree, we think that the question presented to the Chancellor in the court below was a matter of law which is resolved against the appellant's contention by the decision in *Bowers*.

■ The appellant further contends that since the annuity contract provided that any dispute would be resolved by reference to the law of New York, the case was not a proper one for judgment on the pleadings. However, the annuity agreements them-

selves are not before us. They were never placed in evidence in the court below and we are aware of their contents only because the appellant attached them as exhibits to her brief. The annuity contracts are not properly in the record and cannot be considered by this court on appeal.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.), and KOCH, J., concur.