IN THE COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

July 28, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| HOA DAO PHUNG, | ) | C/A NO.03A01-9811-CV-00388 |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | APPEAL AS OF RIGHT FROM THE |
| | ) | ANDERSON COUNTY CIRCUIT COURT |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| RANDALL CASE, | ) | |
| | ) | HONORABLE JAMES B. SCOTT, JR., |
| Defendant-Appellee. | ) | JUDGE |


For Appellant                          For Appellee

BILLY P. SAMS                          DAVID L. FLITCROFT
Oak Ridge, Tennessee                   Oak Ridge, Tennessee




O P I N I O N


1

AFFIRMED AND REMANDED                                      Susano, J.

Hoa Dao Phung filed this action seeking to recover damages for breach of warranty and for violations of the Tennessee Consumer Protection Act[1], arising out of her purchase of a residence from the defendant, Randall Case. The trial court initially granted the defendant's motion for summary judgment as to certain issues; it subsequently granted his motion for summary judgment as to all remaining issues raised by the pleadings. The plaintiff appeals, contending that the trial court's grant of partial and then full summary judgment was inappropriate. We affirm.


I


The procedural history of this case is somewhat convoluted. The case itself traces its "roots" to when the plaintiff began experiencing various problems with the house that she had purchased from the defendant. The plaintiff brought an action against Case, a builder, for breach of express warranty[2] in the Anderson County Trial Justice Court. That action resulted in a judgment for the plaintiff for $250, plus costs. No appeal was taken from that judgment and it was subsequently paid.[3]

---

[1]T.C.A. § 47-18-101, *et seq.*

[2]The warranty contained in the parties' sales agreement provides as follows: "Applicable for a period of 12 months from closing or possession, whichever is earlier, Builder will warrant (the dwelling) against structural defects, defects in the plumbing and electrical systems or malfunction of the heating and cooling systems. Entire property which includes the Driveway, Landscaping etc."

[3]The pleadings and judgment from the original litigation in the Trial Justice Court are not a part of the record on this appeal.

2

Shortly thereafter, and prior to the expiration of the 12-month warranty, the plaintiff filed a second suit against the defendant in the Trial Justice Court. This action was dismissed by that tribunal on the basis of *res judicata*.[4] The plaintiff appealed that decision to Circuit Court but subsequently took a nonsuit. She later filed the instant action in Circuit Court, and, after obtaining counsel, substituted an amended complaint alleging breach of warranty and violations of the Tennessee Consumer Protection Act.

The defendant moved for summary judgment on the basis of *res judicata*. The defendant's motion indicates that it was served on the plaintiff by mail on December 4, 1996. On January 9, 1997, the Circuit Court entered an order granting partial summary judgment in favor of the defendant. The order provides in pertinent part as follows:

> It appears to the Court that Ms. Phung in her Discovery Deposition admitted and the proof shows that a separate action was maintained... in which a lawsuit was brought by Ms. Phung against Randall Case... for cost of works to complete, correcting landscaping, driveway, and water absorbency in the basement of said premises which is the nexus of the current lawsuit. A judgment was obtained in that cause and was paid in full. An appeal was never taken from that action. No opposing affidavits were presented. That action constitutes res judicata as to the matters in this case having previously been litigated and satisfied. Accordingly, so much of the complaint that relates to those matters is dismissed....

---

[4]Again, the pleadings and judgment from this second action in the Trial Justice Court are not included in the record before us.

3

The Circuit Court further ordered that the case would continue on the remaining issues. The Court's order does not state the date on which the motion was argued.

Some four and a half months *after* entry of the order granting partial summary judgment, the plaintiff filed a response to the defendant's motion. The response asked that it be considered by the Circuit Court in the event the court granted a "Motion to Set-Aside or Reconsider and/or to Clarify Order Granting Motion for Partial Summary Judgement [sic]" that was apparently filed by the plaintiff[5] after entry of the Circuit Court's January 9, 1997, order.

On January 15, 1998, the defendant filed another motion for summary judgment, asserting that the only issues remaining pertained to alleged problems with the ground default plugs, movement of the kitchen floor, problems with the garage door opener, and damage to the driveway concrete. Seeking to negate the plaintiff's claim with respect to each of the remaining issues, the defendant submitted his affidavit, as well as the affidavits of eight others who had inspected the subject property. Each of the affidavits states that the alleged problem either does not exist or was caused solely by the plaintiff's own actions. The record does not reflect that the plaintiff filed any response to the defendant's motion or submitted any affidavits or other material.

---

[5]This motion is not a part of the record on appeal. It presumably was denied by the Circuit Court.

Following a hearing on the motion, the Circuit Court entered an order on May 22, 1998, granting summary judgment in favor of the defendant on the issues of the garage door opener and the ground default plugs. The Court noted that the parties were attempting to resolve the issue concerning the kitchen floor, and stated that if the plaintiff was not satisfied with the subsequent repair work, "it would be incumbent upon her to file an opposing Affidavit and the Court would then dispose of the matter on Summary Judgment."

On June 1, 1998, the Circuit Court entered an order in which it found that the plaintiff's attorney had "indicated that no agreement had been reached concerning the floor tiles and that [the attorney] was unable to provide any counter affidavits" regarding the remaining issues. Accordingly, the Court granted full summary judgment in favor of the defendant and dismissed the action. After her motion for relief under Rules 59 and 60, Tenn.R.Civ.P., was denied, the plaintiff appealed.

II

We review the Circuit Court's grant of summary judgment against the standard of Rule 56, Tenn.R.Civ.P. That Rule provides, in pertinent part, as follows:

> ...[the] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....

5

Rule 56.04, Tenn.R.Civ.P.

When reviewing a grant of summary judgment, an appellate court must decide anew if judgment in summary fashion is appropriate. *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991); *Gonzalez v. Alman Constr. Co.*, 857 S.W.2d 42, 44-45 (Tenn.App. 1993). Since this determination involves a question of law, there is no presumption of correctness as to the trial court's judgment. *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997); *Hembree v. State*, 925 S.W.2d 513, 515 (Tenn. 1996). In making our determination, we must view the evidence in the light most favorable to the nonmoving party, and we must draw all reasonable inferences in favor of that party. *Byrd v. Hall*, 847 S.W.2d 208, 210-11 (Tenn. 1993). Summary judgment is appropriate only if there are no genuine issues of material fact and then only if the undisputed material facts entitle the moving party to a judgment as a matter of law. Rule 56.04, Tenn.R.Civ.P.; *Byrd*, 847 S.W.2d at 211.

As the Supreme Court has stated, "a motion for summary judgment goes directly to the merits of the litigation, and a party faced with such a motion may neither ignore it nor treat it lightly." *Byrd*, 847 S.W.2d at 210; *see also Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn. 1978). Where the material relied upon by the moving party demonstrates undisputed material facts supporting a judgment for that party, the nonmoving party must, in order to defeat summary judgment, respond by setting forth admissible facts before the trial court

6

that show a dispute as to those facts.  **Byrd**, 847 S.W.2d at 215. The nonmovant cannot in that instance simply rely upon the allegations of his or her pleadings.  *See* Rule 56.06, Tenn.R.Civ.P.

III

We first turn to the plaintiff's arguments regarding the propriety of the lower court's grant of partial summary judgment in its order of January 9, 1997.  In this connection, the plaintiff contends that she was deprived of the 30-day notice required by Rule 56.04, Tenn.R.Civ.P.[6]  She maintains that the hearing on the defendant's December 5, 1996, motion "apparently" took place on December 16, 1996.  As indicated earlier, the order granting partial summary judgment on this motion was not entered until January 9, 1997.  There is no mention in that order, or any direct evidence in the record, of the date of the hearing. Nevertheless, we note that the January 9, 1997, order is stamped "RECEIVED" by the trial court clerk on December 27, 1996; in view of this fact, it is reasonable to infer that the hearing must have taken place at some point before or on December 27, 1996, and thus prior to the expiration of the 30-day period required by Rule 56.04, Tenn.R.Civ.P.[7]

---

[6]That Rule provides, in pertinent part, that "[t]he motion [for summary judgment] shall be served at least thirty (30) days before the time fixed for the hearing."

[7]As indicated earlier, the defendant's motion for summary judgment recites that it was served on the plaintiff by mail on December 4, 1996; pursuant to Rules 56.04 and 6.05, Tenn.R.Civ.P., the motion was not ripe for disposition prior to January 7, 1997.

7

With regard to the 30-day period, the Supreme Court has held as follows:

> The purpose of the rule is to allow the opposing party time to file discovery depositions, affidavits, etc., as well as to provide full opportunity to amend. In prescribing the thirty (30) day period the rule uses the word "shall" and we hold that it is mandatory and not discretionary....
>
> ...where there is the slightest possibility that the party opposing the motion for summary judgment has been denied the opportunity to file affidavits, take discovery depositions or amend, by the disposition of a motion for summary judgment without a thirty (30) day interval following the filing of the motion, it will be necessary to remand the case to cure such error.

*Craven v. Lawson*, 534 S.W.2d 653, 655 (Tenn. 1976). We have held that a failure to comply with the rule does not require that a grant of summary judgment be set aside where the record does not contain any indication that the nonmoving party opposed the hearing of the motion within the 30-day period, requested a continuance, or was prejudiced by the premature hearing. *See Teachers Ins. & Annuity Ass'n v. Harris*, 709 S.W.2d 592, 595 (Tenn.App. 1985). In so holding, we noted that Rule 36(a), T.R.A.P., does not require that relief "be granted to a party... who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error," *Id.*; we also pointed out that, pursuant to Rule 36(b), T.R.A.P., a judgment will not be set aside for *harmless* error -- for example, where the record contains no showing of prejudice to the nonmovant. *Id.*

8

In the instant case, the record contains no indication that the plaintiff objected in any way to the hearing being held within 30 days of service of the motion upon her. As was the case in **Harris**, it appears that the plaintiff did not oppose the hearing or request a continuance. It is likewise clear that the plaintiff submitted no affidavits in opposition to the defendant's motion; nor did she file any response to the motion until several months after it had been granted. In short, the plaintiff has failed to point to anything in the record to indicate that the hearing was held over her objection; nor does she take the position in her brief that such was the case. Furthermore, she has failed to demonstrate how she has suffered any prejudice from this alleged error. On the contrary, the plaintiff's argument on this point is essentially limited to her assertion that she was deprived of 30 days' notice and that such failure mandates reversal, under the above-quoted language from **Craven**.

Under these circumstances, we are of the opinion that the failure to observe the 30-day period set forth in Rule 56.04, Tenn.R.Civ.P., does not constitute sufficient grounds to disturb the judgment in this case. *See* **Harris**, 709 S.W.2d at 595; *see also* **Donnelly v. Walter**, 959 S.W.2d 166, 168 (Tenn.App. 1997)("There was absolutely no reason to set aside the summary judgments in the absence of some indication that the plaintiff had a response to the defendants' properly supported motions.")

By the same token, there is simply nothing in the record to indicate that the issues disposed of by the grant of

9

partial summary judgment, *i.e.*, problems with the landscaping, driveway, and water in the basement, had not been conclusively determined by the prior adjudication in the Trial Justice Court. Again, we must point out that the record does not contain a copy of either of the judgments of the Trial Justice Court, or a transcript of the evidence from the original case in that court. What we do have before us is the Circuit Court's order granting partial summary judgment, in which the Court found that the plaintiff's cause of action as to those issues had been previously litigated and satisfied. In short, the Circuit Court found that these issues had been fully litigated in the earlier suit, and there is nothing in the record to suggest otherwise. It was the appellant's responsibility to furnish the Court of Appeals with a record reflecting the alleged error. She failed to do so. In the absence of a record reflecting error, we must assume that the trial court acted properly. *Lyon v. Lyon*, 765 S.W.2d 759, 763 (Tenn.App. 1988).

With regard to the Circuit Court's grant of both partial and then full summary judgment, the plaintiff argues that her "pleading was attested as true by her own oath, and that many of the allegations were of her own knowledge." She argues that because her amended complaint was in the form of a verified complaint, it served as "the functional equivalent of an affidavit, and should have been considered" on the question of summary judgment. The plaintiff acknowledges that she submitted no countervailing expert testimony regarding the issues that survived the partial summary judgment; however, she insists that

10

her "sworn complaint stood in opposition" to the defendant's motion for summary judgment and accompanying affidavits.

Rule 56.06, Tenn.R.Civ.P., sets forth the requisite form for affidavits:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein....

The Supreme Court has held that statements based upon an affiant's *belief* do not constitute "such facts as would be admissible in evidence," within the meaning of Rule 56.06. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 498 (Tenn.1978).[8] Similarly, in *Keystone Ins. Co. v. Griffith*, 659 S.W.2d 364 (Tenn.App. 1983), this court held that statements in an affidavit made on "information and belief" do not comply with Rule 56.05 (now 56.06) and cannot be considered as evidence. *Id.* at 366.[9] We explained that "[b]elief, no matter how sincere, is not equivalent to knowledge." *Id.* (quoting *Jameson v. Jameson*, 176 F.2d 58 (D.C. Cir. 1949)).

---

[8]The affidavit at issue in *Fowler* concluded with the following statement: "*Upon the information I have, I believe* that all of the aforementioned representations of the plaintiffs were made by them knowing that they were false and they were intended to mislead me." *Fowler*, 575 S.W.2d at 498 (emphasis in *Fowler* opinion). The Court noted that the affidavit did not divulge the sources of the "information" upon which the affiant based his "belief," nor did it demonstrate that the affiant was "competent to testify to the matters stated therein." *Id.* (quoting Rule 56.06, Tenn.R.Civ.P.).

[9]The affiant in *Keystone* stated that he had personal knowledge of all facts set forth in his affidavit "except as to matters indicated to be on information and belief, and those matters I verily believe to be true." *Id.* at 365.

11

In the instant case, the oath attached to the plaintiff's amended complaint recites as follows:

> HOA DAO PHUNG, having been duly sworn according to law, makes oath that she has read the foregoing Amended Complaint and that the statements set forth therein are true to the best of her knowledge, information and belief.

Thus, it is clear that the allegations in the plaintiff's amended complaint were not based exclusively upon her personal knowledge. In light of her oath, it is impossible to determine which allegations were founded upon personal knowledge, and which were merely statements based upon what she "believed" to be true. This being the case, we cannot say that the verified complaint meets the standards required of affidavits by Rule 56.06, Tenn.R.Civ.P. We therefore do not agree with the plaintiff that the amended complaint is the "functional equivalent of an affidavit."

The defendant presented the court with several affidavits demonstrating that there were no disputed material facts creating a genuine issue for trial. *Byrd*, 847 S.W.2d at 215. The burden then shifted to the plaintiff "to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule [56.04]," establishing that there indeed existed genuine issues of material fact. *Byrd*, 847 S.W.2d at 215. The plaintiff was not entitled to simply rely upon the allegations of her pleadings. Rule 56.06, Tenn.R.Civ.P.; *Byrd*, 847 S.W.2d at 215. The record indicates,

12

however, that approximately four months passed between the filing of the defendant's second motion for summary judgment and the entry of the Circuit Court's two orders granting summary judgment. During this time, the plaintiff did not file a response to the defendant's motion, did not submit any opposing affidavits, and did not file a motion for a continuance in order to obtain affidavits or pursue discovery.

In light of the foregoing, we hold that the trial court was correct in granting the defendant's motions for summary judgment, both initially as to those matters which had been adjudicated in the original action, and subsequently as to the remaining issues in the case. The plaintiff's arguments to the contrary are found to be without merit.

IV

The decision of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

_____
Charles D. Susano, Jr., J.

CONCUR:


_____
Houston M. Goddard, P.J.

13

_____
Herschel P. Franks, J.