# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

JOHN and ELIZABETH GIPSON )

    Plaintiffs/Appellants )

vs. )

STEVE TAYLOR; ROBERT E. ENGLISH )
and his wife, CATHY Y. ENGLISH; TMS )
MORTGAGE, INC. d/b/a THE MONEY STORE )

    Defendant/Appellee )

**FILED**

**August 27, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

01A01-9811-CH-00611

Appeal As Of Right From The
Wilson County Chancery Court

THE HONORABLE C. K. SMITH
CHANCELLOR

**For the Appellants**

JERRY GONZALEZ
GRIFFITH & GONZALEZ, P.C.
Lebanon, Tennessee

**For the Appellee TMS Mortgage, Inc.**

DOUGLAS A. BRACE
JOHN C. ROCHFORD
ORTALE, KELLEY, HERBERT & CRAWFORD
Nashville, Tennessee

REVERSED & REMANDED                                  Swiney, J.

## OPINION

Appellants John and Elizabeth Gipson (" Plaintiffs") asked, among other requested relief, for the Trial Court to determine the priority between Appellee's TMS Mortgage, Inc.'s ("TMS") mortgage lien interest and the mortgage lien interest of the Plaintiffs in certain property owned by the individual defendant Steve Taylor. Plaintiffs also raised a fraud claim against the original Defendant, Taylor. The Trial Court, after treating TMS' Motion to Dismiss as a motion for Summary Judgment pursuant to Rule 56 as the Trial Court considered matters outside the pleadings, granted summary judgment in favor of TMS and dismissed with prejudice Plaintiffs' suit against TMS. Plaintiffs then took a voluntary dismissal without prejudice of their suit against the individual defendants. After a complicated procedural odyssey due to the bankruptcy filing of Defendant

Taylor, this appeal by Plaintiffs of the Trial Court's Amended Order granting summary judgment to TMS was submitted on briefs. Plaintiffs raise several issues in their brief. Plaintiffs first claim error by the Trial Court's granting of summary judgment to TMS when the Plaintiffs had not been served thirty or more days before the hearing on TMS' motion. Plaintiffs raise as an additional issue their claim that the Trial Court erred in dismissing Plaintiffs' case with prejudice as to TMS "when there existed an 11 U.S.C. § 362 bankruptcy stay on the determination of lien priorities." For the reasons herein stated, we reverse the Trial Court's grant of summary judgment and dismissal of the Plaintiffs' complaint against TMS and remand the case to the Trial Court.

## FACTS

Plaintiffs held three promissory notes for loans made to Steve Taylor in the aggregate amount of $159,982.55, which were secured by Deeds of Trust on several parcels of real property owned by Taylor. These Deeds of Trust were recorded on February 7, May 27, and July 30, 1997. Taylor sought to obtain a new loan from TMS, but his application was denied because of the existence of the Plaintiffs' liens. To remedy the problem, Taylor obtained, on November 17, 1997, the Plaintiffs' signatures on three documents styled "Full Release of Lien," which purported to release the three Plaintiffs' Deeds of Trust. The Plaintiffs allege that in return, Taylor made the following oral representation to them, which we reproduce from Plaintiffs' appellate brief:

> . . . [that] a release of the Deeds of Trust would not affect his debt to Plaintiffs and that he would still pay back every penny he owed . . . [and]that the purpose of the release was to show Defendant TMS Mortgage, Inc., that he did not owe any money.

The Plaintiffs' releases were recorded November 21, 1997, and Taylor made no further payments on the notes. The Plaintiffs allege that Taylor "has further made representations to others that he does not intend to pay back any of the money owed to Plaintiffs."

On November 17, 1997, Taylor signed a Deed of Trust in favor of TMS Mortgage, Inc., d/b/a The Money Store, to secure a note in the amount of $76,000.00, on property that was the subject of Plaintiffs' Deeds of Trust and Release Deeds. The TMS Deed was recorded on November 21, 1997.

On August 12, 1998, TMS filed a Motion to Dismiss the Plaintiffs' Complaint under T.R.C.P. 12.02(6), and for grounds stated that "TMS was an innocent third party with a properly recorded first deed of trust on the subject property, without actual or record notice of any other

2

outstanding mortgage." The Motion was marked at the bottom of the first page with the following notation:

> THIS MOTION IS EXPECTED TO BE HEARD ON THE ___8th___ DAY OF SEPTEMBER, 1998 AT 9:00 A.M. FAILURE TO FILE, SERVE, AND IN CHANCERY CASES, ENTER IN THE MOTION BOOK, A TIMELY WRITTEN RESPONSE TO THIS MOTION WILL RESULT IN THE MOTION BEING GRANTED WITHOUT FURTHER HEARING.

TMS attached a Memorandum of Law to its Motion to Dismiss, along with *a copy of its Deed of Trust* and copies of the Plaintiffs' Releases.[1]

On September 3, 1998, the Plaintiffs filed a Brief in Opposition to TMS' Motion to Dismiss, protesting that the requirements of the Rules of Civil Procedure had not been met:

> A Rule 12.02(6) presenting factual matters outside the pleadings will be treated as a motion for summary judgment under Rule 56 . . . a Rule 56 Motion for Summary Judgment must be supported by affidavits, depositions, etc. It must also be served 30 days before the hearing. T.R.C.P. 56.04 (A requirement not met here.) Also, a motion for summary judgment is improper if no discovery has been obtained in the case.
>
> * * *
>
> Moreover, summary judgment shall be denied if [there is] 'any doubt whether or not a genuine issue exists.' Defendant TMS' memorandum states that it was an 'innocent third party . . . without actual or record notice of any other outstanding mortgage.' This is an issue of material fact and is unsupported by affidavits or other evidence . . . .
>
> * * *
>
> Even if the Court excludes outside evidence and treats defendant's motion as a Rule 12.02(6) Motion, the pleadings, taken as true, assert a claim for which relief may be granted.

Plaintiffs filed with their brief their counsel's Affidavit stating that further discovery was required and that "any motion for summary judgment at this stage of the case is premature."

A hearing on TMS'Motion was held on September 8, 1998, following which counsel for TMS sent a proposed order to counsel for the Plaintiffs on September 10, 1998. On the same day, the Plaintiffs filed an "Objection to Proposed Order" under Local Rule 18.02:

> . . . [Plaintiffs] object to the contents of the proposed order of Defendant TMS Mortgage, received by Plaintiffs' counsel on September 10,1998. Plaintiff's proposed order is attached showing the true date of the hearing as September 8, 1998 (not September 7 as shown by Defendant) and dismissal <u>without</u> due to the proceedings in U.S. Bankruptcy Court.[2]

---

[1]Only the Release of Lien documents were already a part of the record, having been attached as Exhibits to Plaintiff's Complaint, along with the Gipson Deeds of Trust, Promissory Notes, Modifications and Security Agreement.

[2]Plaintiff's proposed order is not in the record on appeal. We suppose that the underlined "<u>without</u>" was intended to read "<u>without prejudice.</u>"

On September 15, 1998, the Chancellor signed and filed TMS's Order, finding that "TMS is not a proper party to this lawsuit and that its Motion to Dismiss should be granted . . . the claims asserted on behalf of the plaintiffs against defendant TMS Mortgage, Inc. are hereby dismissed with prejudice."

Plaintiffs next filed a Motion to Alter Judgment or for Findings of Fact under T.R.C.P. 59.04 and 52.01(with Memorandum of Law), asking the Court "to alter or amend its ruling or, in the alternative, for a finding of fact in regards to its dismissing Plaintiffs' claim against Defendant TMS Mortgage, Inc. <u>with</u> prejudice."

TMS filed a response with Memorandum of Law, asserting that the undisputed facts in evidence, including the admissions of the Plaintiffs in their Complaint and the TMS Deed of Trust, entitled them to a summary judgment as a matter of law. TMS also conceded:

> As the Plaintiffs correctly asserted in their Brief in Opposition to TMS's Motion to Dismiss, the Motion was disposed of, pursuant to Rule 12.02(6), as a Rule 56 Motion for Summary Judgment since matters outside the pleadings were presented. More specifically, TMS attached a copy of the deed of trust, stamped by the Register's Office for Wilson County, showing the first priority interest of TMS in the subject property.

Plaintiffs filed a Reply Brief in the Trial Court complaining that

> A court speaks through its written orders, and the order signed by this Court dismissed the case under Rule 12.02(6), which is a dismissal on the pleadings, not on the merits. Furthermore, if Defendant's motion was treated as a motion for summary judgment, then Plaintiffs were not give [sic] the required 30 days under Rule 56.04 before the date set for hearing. Defendant's motion to dismiss was filed on August 12, 1998 and set for hearing and actually heard on September 8, 1998.
>
> * * *
>
> Finally, Defendants have yet to show this Court that the property in question was not part of the estate of the debtor, Steve Taylor, protected from just such rulings as the one issued by this Court under § 362 of the Bankruptcy Code. This Court lacked the jurisdiction to dispose of and determine priorities between creditors of a bankrupt estate.

The Trial Court entered an Amended Order on October 29, 1998, finding that the Order the Court previously entered on September 15, 1998 should be amended to reflect that the Court considered the Defendant's Motion to Dismiss a Motion for Summary Judgment pursuant to Rule 56. The Trial Court then found the motion to be well taken and granted summary judgment dismissing the Plaintiff's claim "against the Defendants"[3] on the merits and with prejudice.

---

[3]The Trial Court Order, taken as a whole, clearly grants summary judgment only in favor of TMS.

Plaintiffs nonsuited the case against Defendants Steve Taylor, Robert English and Cathy English on November 2, 1998, and appealed the Trial Court's Amended Order to this Court.

Counsel for Taylor filed a Plea of Bankruptcy and Notice of Automatic Stay in this Court on February 22, 1999, which stated Taylor had filed a Chapter 7 Bankruptcy proceeding on June 2, 1998. Plaintiffs filed a Response. On February 25, 1999, this Court stayed all proceedings in this appeal pending further orders of the Court.

TMS filed two motions in this Court to lift the stay of proceedings. It appears from the second motion that the United States Bankruptcy Court for the Middle District of Tennessee entered an order lifting the automatic stay, which provides:

1. Defendant TMS Mortgage, Inc. is dismissed WITHOUT prejudice.

2. Plaintiffs Motion for Abstention and vacation of a previous order of the Wilson County Chancery Court are withdrawn.

3. All matters raised as issues before the Tennessee Court of Appeals dealing with the order of the Wilson County Chancery Court for which Plaintiffs sought an abstention are to be adjudicated by the Tennessee Court of Appeals and a Lift of stay is hereby granted in that proceeding.

On March 29, 1999, by Order of this Court, the stay of proceedings entered on February 25, 1999 was lifted and the appeal was submitted for a decision on the record and briefs on file.

## DISCUSSION

It is first necessary that this Court address the issue raised by Plaintiffs concerning the automatic bankruptcy stay as a result of Taylor's filing bankruptcy. Plaintiffs state this issue as follows: "The Trial Court erred in originally dismissing Plaintiffs' case 'with prejudice' as to defendant TMS when there existed an 11 U.S.C. §362 Bankruptcy Stay on the determination of lien priorities."

Plaintiffs' issue on the bankruptcy stay was resolved by the United States Bankruptcy Court's order lifting the automatic stay and allowing this appeal to proceed as reflected by this Court's March 29, 1999 Order. The Agreed Order of the United States Bankruptcy Court provided that "[a]ll matters raised as issues before the Tennessee Court of Appeals dealing with the order of theWilson County Chancery Court for which Plaintiffs sought an abstension are to be adjudicated by the Tennessee Court of Appeals and a Lift of stay is hereby granted in that proceeding." Since

5

our review of the Trial Court's grant of summary judgment to TMS is a question of law, our review is de novo with no presumption of correctness attaching to the Trial Court's judgment. *Eyring v. Fort Sanders Parkwest Med. Cen.*, 991 S.W. 2d, 230, 236 (Tenn. 1999). The Bankruptcy Court's order lifting the stay to allow all matters raised as issues before this Court to be resolved de novo by this Court renders moot Plaintiffs' bankruptcy stay issue in this appeal.

Plaintiffs also contend that the Trial Court's granting of summary judgment in favor of TMS was error under Rule 56 as the Trial Court "prematurely dismissed plaintiffs' case 'with prejudice' under T.R.C.P. 56 even though no discovery had been initiated or completed and non-movants were not served 30 days before the hearing." We agree.

Rule 56 of the Tennessee Rules of Civil Procedure provides, as pertinent:

> 56.04 Motion and Proceedings Thereon. - The motion shall be
> served at least thirty (30) days before the time fixed for the hearing.

This Court has previously held that failure to satisfy the thirty day requirement is error:

> In accordance with Tenn. R. Civ. P. 12.02, the motion to dismiss should
> have been treated as a motion for summary judgment. The Chancellor
> should have allowed the Appellant thirty days to present material to
> respond to a motion for summary judgment in accordance with Tenn.
> R. Civ. P. 56.03.

*Wolfman v. Pinter,* No. 03A01-9001-CH-00020 (Tenn. Ct. App. Knoxville January 31, 1990).

The Tennessee Supreme Court has held that:

> The purpose of the rule is to allow the opposing party time to file
> discovery depositions, affidavits, etc., as well as to provide
> full opportunity to amend. In prescribing the thirty (30) day period
> the rule uses the word "shall" and we hold that it is mandatory and
> not discretionary.
> * * * *
>
> . . .[w]here there is the slightest possibility that the party opposing
> the motion for summary judgment has been denied the opportunity
> to file affidavits, take discovery depositions or amend, by the
> disposition of a motion for summary judgment without a thirty (30) day
> interval following the filing of the motion, it will be necessary to
> remand the case to cure such error.

*Craven v. Lawson, 534 S.W. 2d. 653,655 (Tenn. 1976).*

TMS argues that this Court held in *Teachers Ins. and Annuity Assn. v. Harris, 709 S.W. 2d. 592 (Tenn. 1985),* that the Trial Court's failure to wait thirty days before its hearing on a motion for summary judgment does not require that the summary judgment be set aside. However, in that case, the non-moving party did not oppose the hearing of the motion within the thirty day

6

period or request a continuance, nor was he prejudiced by the premature hearing. *See, Teachers Ins.* at 595. This Court reasoned that T.R.A.P. Rule 36 (a) does not require that relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error. Also, T.R.A.P. Rule 36 (b) provides that a judgment will not be set aside for harmless error such as where the record shows no prejudice to the non-movant or "prejudice to the judicial process."

TMS's argument must fail in this case because, unlike the situation in *Teachers Ins.,* the record here shows that Plaintiffs objected to the hearing being held prior to the thirty days passing, and in fact filed their counsel's Affidavit pursuant to Rule 56.06 stating that no discovery had yet been undertaken and that the motion was premature for that reason.

A Rule 56 summary judgment is appropriate " . . . only when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Byrd v. Hall, 847* S.W.2d 208, 214 (Tenn. 1993). Unless the party opposing the Rule 56 motion has had a legitimate opportunity both to discover facts and present to the trial court its position as to the existence of a dispute as to a material fact, a trial court cannot determine whether or not there is a genuine issue as to any material fact. Neither can this Court. As shown in the record before this Court, Plaintiffs complied with Rule 56.06 and submitted an Affidavit by their attorney asserting the necessity of further discovery and that the Motion for Summary Judgment was premature for that reason. Likewise, the record is clear that Plaintiffs correctly argued to the Trial Court that TMS's motion was a Rule 56 motion which required that it be served thirty days before the hearing. This Court cannot hold as a matter of law from the record that the Trial Court's decision to proceed with the hearing was harmless error.

### CONCLUSION

The judgment of the Trial Court is reversed and this cause remanded to the Trial Court for further proceedings consistent with this Opinion. Costs on this appeal are taxed to TMS.

_____
D. MICHAEL SWINEY, J.

7

CONCUR:

_____
HOUSTON M. GODDARD, P.J.


_____
CHARLES D. SUSANO, JR., J.