IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Brief April 24, 2008

**ICE STORES, INC.**
**v.**
**GREGORY REIER HOLMES**

**Appeal from the Circuit Court for Madison County**
**No. C05-190     Roger A. Page, Judge**

---

**No. W2007-01552-COA-R3-CV - Filed November 25, 2008**

---

This appeal involves the enforcement of a foreign judgment.  In 1997, the defendant pled nolo contendere to a criminal charge in a Texas court.  As a part of his sentence, the defendant was ordered to pay restitution.  The judgment of conviction listed the party to whom restitution should be paid.  In 2005, the plaintiff corporation filed a lawsuit in Tennessee, seeking to enforce the Texas judgment.  In his response, the defendant noted that the plaintiff corporation was not the party named in the Texas judgment to receive restitution from the defendant.  The plaintiff filed a motion for summary judgment, asserting that the entity listed in the Texas judgment to receive restitution was the plaintiff's "doing business as" name, and that the plaintiff was in fact the proper party to enforce the Texas judgment.  A hearing on the defendant's motion for summary judgment was held before expiration of the required thirty-day period after service of a motion for summary judgment.  The trial court granted summary judgment in favor of the plaintiff corporation.  The defendant now appeals.  He argues that the trial court erred by holding the hearing on the plaintiff's summary judgment motion before expiration of the T.R.C.P. 56.04 thirty-day period.  He also argues that the trial court erred in permitting the plaintiff corporation to domesticate and enforce the foreign judgment.  We affirm, finding that the defendant was not prejudiced by being deprived of the T.R.C.P. 56.04 thirty-day period between service of the motion for summary judgment and the hearing, and that summary judgment in favor of the plaintiff corporation was otherwise proper.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and WALTER C. KURTZ, SP. J., joined.

Bob C. Hooper, Brownsville, Tennessee, for the Defendant/Appellant Gregory Reier Holmes

Thomas F. Bloom, Nashville, Tennessee, for the Plaintiff/Appellee Ice Stores, Inc.

**OPINION**

Defendant/Appellant Gregory Reier Holmes ("Holmes") is a resident of Jackson, Tennessee. On May 15, 1997, a judgment was entered in a Texas court against Holmes, based on his plea of nolo contendere to a criminal charge of fiduciary misappropriation. The Texas judgment states that Holmes was given a sentence of ten years' imprisonment, a $1,000 fine, and was ordered to pay restitution in the amount of $144,839.56. The judgment lists "Lone Star Ice & Foods" as the party to whom Holmes was to pay the restitution.

On May 6, 2005, Plaintiff/Appellee Ice Stores, Inc. ("Ice Stores"), a Texas corporation, filed a complaint against Holmes in the Circuit Court of Madison County, Tennessee, seeking enforcement of the Texas judgment. Ice Stores alleged that Holmes had been ordered to pay restitution to it in the amount of $144,839.56, and that, to date, he had paid only $346.53. Ice Stores, therefore, sought a judgment against Holmes in the Tennessee court in the amount of $144,493.03. Attached to the complaint, Ice Stores filed an affidavit pursuant to Tennessee Code Annotated § 26-6-105(a).[1] The affidavit, sworn to by Ice Stores' attorney, stated that the Texas judgment had been rendered in favor of Ice Stores and against Holmes, gave the amount and date of the judgment, and indicated the post office addresses of both parties. Attached to the complaint was a certified copy of the Texas judgment against Holmes.

Holmes answered the complaint. He denied that he had been ordered to pay restitution to Ice Stores, but acknowledged that he had been ordered to pay restitution to Lone Star Ice & Foods.

On November 15, 2006, after Holmes filed his answer denying liability to Ice Stores, Ice Stores filed a motion for summary judgment. In the statement of undisputed facts filed in support of its motion, Ice Stores claimed that it was the proper judgment creditor to whom Holmes was liable. As an exhibit to the summary judgment motion, Ice Stores filed a document entitled "Texas Franchise Tax Public Information Report." This document shows the name of Ice Stores as "Ice Stores, Incorporated DBA Lone Star I."

The record does not indicate when Holmes received notice of the motion for summary judgment. Ice Stores' motion for summary judgment does not include a certificate of service. On November 17, 2006, Holmes filed a response to Ice Stores' statement of undisputed facts, in which he disputed that Ice Stores was the proper judgment creditor.

On the same date, November 17, 2006, the trial court heard arguments on Ice Stores' motion for summary judgment. After the hearing, the court granted Ice Stores' motion. The written order on the motion was entered on February 23, 2007. It stated:

---

[1]Section 26-6-105 states:

> At the time of the filing of the foreign judgment, the judgment creditor or the judgment creditor's lawyer shall make and file with the clerk of the court an affidavit setting forth the name and last known post office address of the judgment debtor, and the judgment creditor.

T.C.A. § 26-6-105(a) (2000).

This Court has concluded that Plaintiff has properly requested the enforcement of a foreign judgment pursuant to T.C.A. § 26-6-101 et seq. Plaintiff has submitted an affidavit stating that Ice Stores, Inc. is the proper judgment creditor and was doing business as Lone Star Ice & Foods. Defendants have presented no fact to the Court by affidavit or otherwise to dispute this contention. Accordingly, it appears that Plaintiff has met all the requirements of T.C.A. § 26-6-101 et seq, there are no disputed issues of material fact, and Plaintiff is entitled to judgment as a matter of law. Defendant has not shown this Court any ground upon which enforcement of this judgment should be stayed. . . . Accordingly, Plaintiff shall have the foreign judgment authenticated and enforced in the amount of $144,493.03 together with post-judgment interest and costs. The costs of this matter are to be paid by defendant for which execution may issue.

Thus, the trial court found that Holmes had presented nothing to refute the evidence submitted by Ice Stores that the named creditor on the Texas judgment was a "d/b/a" for Ice Stores, and therefore granted enforcement of the judgment.

On March 23, 2007, after entry of the order, Holmes filed a motion to alter or amend the judgment. He argued that Ice Stores did not provide Holmes thirty days notice before the hearing on the summary judgment motion, as required by Rule 56.04 of the Rules of Civil Procedure. He alleged that he received the summary judgment motion on November 9, 2006, and that the matter was heard on November 17, 2006. The trial court held a hearing on Holmes' motion to alter or amend on June 11, 2007. After the hearing, the trial court denied the motion. Holmes now appeals.

On appeal, Holmes raises two issues for review. First, he argues that the trial court erred by holding a hearing on Ice Stores' motion for summary judgment before expiration of the thirty-day period after service of the motion on Holmes. Second, he argues that the trial court erred by allowing Ice Stores to domesticate and enforce the Texas judgment against Holmes.

A motion for summary judgment should be granted when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04. Summary judgment is appropriate only when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion. *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995) (citation omitted). Because only questions of law are involved, there is no presumption of correctness regarding a trial court's grant of summary judgment. *Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997) (citation omitted). Therefore, our review of the trial court's grant of summary judgment is *de novo* on the record before this Court. *See Warren v. Estate of Kirk*, 954 S.W.2d 722, 723 (Tenn. 1997).

Rule 56.04 of the Tennessee Rules of Civil Procedure provides that a motion for summary judgment "shall be served at least thirty (30) days before the time fixed for the hearing." Tenn. R. Civ. P. 56.04. Our Supreme Court has previously described this thirty-day period as "mandatory and not discretionary." *Craven v. Lawson*, 534 S.W.2d 653, 655 (Tenn. 1976). More recently, however, the Middle Section of this Court has held that, under some circumstances, "the failure to wait the required thirty days before considering the motion for judgment on the pleadings is not a reason to

disturb the judgment." ***Teachers Ins. & Annuity Ass'n v. Harris***, 709 S.W.2d 592, 595 (Tenn. Ct. App. 1985);[2] ***see also Clark v. Wayne Med. Ctr.***, No. M2005-00699-COA-R3-CV, 2007 WL 1585166, at *2 (Tenn. Ct. App. May 31, 2007) ("It has been held that a failure to comply with Rule 56.04 does not require that a grant of summary judgment be set aside where there is no indication that the nonmoving party opposed the hearing within the thirty (30) day period, requested a continuance, or was prejudiced by the hearing."); ***Phung v. Case***, No. 03A01-9811-CV-00388, 1999 WL 544650, at *3–4 (Tenn. Ct. App. July 28, 1999).

We look, then, to the circumstances to be considered in deciding whether the trial court's failure to wait thirty days before hearing the summary judgment motion is reason to reverse the entry of summary judgment. In ***Craven v. Lawson***, the Tennessee Supreme Court discussed the purpose behind Rule 56.04 (then Rule 56.03). It said, "The purpose of the rule is to allow the opposing party time to file discovery depositions, affidavits, etc., as well as to provide full opportunity to amend." ***Craven***, 534 S.W.2d at 655. The court further stated:

> [I]t should be apparent that where there is the slightest possibility that the party opposing the motion for summary judgment has been denied the opportunity to file affidavits, take discovery depositions or amend, by the disposition of a motion for summary judgment without a thirty (30) day interval following the filing of the motion, it will be necessary to remand the case to cure such error.

***Id.***

In ***Teachers Ins. & Annuity Ass'n v. Harris***, the Court of Appeals addressed whether a motion for summary judgment had been prematurely granted. In that case, service of the motion for summary judgment and the hearing on the motion were separated by only seven days. ***Teachers Ins.***, 709 S.W.2d at 595. The Court of Appeals declined to set aside the judgment, however, for two reasons. First, the issue of the thirty-day period was not raised before the trial court. ***Id.*** Second, the court found the error to be harmless because there was no showing that the party opposing the motion was prejudiced by the truncated waiting period. ***Id.***

Thus, from ***Craven*** and ***Teachers Ins.***, we look to whether the trial court's premature consideration of the motion prevented the nonmovant from engaging in needed discovery, whether the nonmovant raised the timeliness issue or sought a continuance of the hearing, and whether the trial court's failure to wait thirty days prejudiced the nonmovant's defense to the motion. ***See also Clark***, 2007 WL 1585166, at *2.

In the case at bar, Holmes made no objection to the premature hearing date on the summary judgment motion until he filed his motion to alter or amend the judgment. He never sought a continuance of the hearing on the summary judgment motion. He argues on appeal that he was

---

[2]The Court of Appeals in ***Teachers Ins.*** stated that the motion for a judgment on the pleadings "should have been treated" as a motion for summary judgment because the trial court had considered matters outside the pleadings. ***Teachers Ins.***, 709 S.W.2d at 594–95.

prejudiced by the premature hearing because he had insufficient time in which to produce evidence tending to show that Ice Stores is not the same entity as Lone Star Ice & Foods. However, Holmes had almost three months from the time he filed his motion to alter or amend the judgment until the hearing on that motion, but nevertheless produced no evidence tending to show that Ice Stores was not the proper judgment creditor.[3] Under these circumstances, we find no basis for Holmes' conclusory allegation that, given sufficient time, he could have produced evidence on the summary judgment motion that Ice Stores and Lone Star are not one and the same. Thus, we must conclude that the trial court's consideration of Ice Stores' summary judgment motion before expiration of the thirty day period after Holmes received notice of the motion constituted harmless error. *See* Tenn. R. App. P. 36(b). Accordingly, we decline to set aside the trial court's judgment on this basis.

Next we consider whether the trial court properly permitted Ice Stores to domesticate and enforce the Texas judgment against Holmes. Holmes raises two arguments with regard to this issue. First, he asserts that a genuine issue of material fact exists as to whether Ice Stores was the proper party to enforce the Texas judgment. Second, he asserts that, even if Ice Stores is the proper party, it prematurely sought enforcement of the judgment.

Judgments obtained in other states "are valid and enforceable when properly domesticated in the courts of this State." *Frazier v. Frazier*, 72 S.W.3d 333, 335 (Tenn. Ct. App. 2001). There are only two limited exceptions to the principle that courts of sister states must give full faith and credit to each other's judgments: lack of personal jurisdiction and lack of subject matter jurisdiction. *Id.* (citation omitted). "[F]actual inquiries into other underlying legal issues adjudicated by a foreign court are improper." *Id.* (citations omitted). Tennessee Code Annotated § 26-6-105 requires that, in order to enforce a foreign judgment in Tennessee, the judgment creditor or its lawyer must "make and file with the clerk of the court an affidavit setting forth the name and last known post office address of the judgment debtor, and the judgment creditor." T.C.A. § 26-6-105(a) (2000). Upon the filing of this affidavit, "the clerk of the court wherein the judgment is filed shall issue a summons to be delivered for service to any person authorized to serve process." *Id.* § 26-6-105(b).

Holmes argues that no judgment exists in favor of Ice Stores because the name listed on the Texas judgment was Lone Star Ice & Foods. Accordingly, he maintains, Ice Stores did not and could not comply with the requirement for enforcing a foreign judgment under section 26-6-105(a).

In this case, along with its complaint, Ice Stores filed the section 26-6-105(a) affidavit by its attorney and the Texas judgment. In the attorney's affidavit, Ice Stores is listed as the judgment creditor, and Ice Stores' address is indicated as 29602 Double Eagle, Fair Oaks Ranch, Texas 78015. In the certified copy of the Texas judgment, the party to whom restitution should be paid is listed as Lone Star Ice & Foods, with no address indicated. With its motion for summary judgment, Ice Stores submitted evidence, in the form of a Franchise Tax Public Information Report, indicating that Ice Stores is the same entity as Lone Star Ice & Foods, and that the latter is simply a "doing business as" name. Holmes responded to the motion for summary judgment with the conclusory allegation that the two entities were not the same, and produced no evidence to support this assertion. The trial

---

[3]Holmes' motion to alter or amend was filed on March 23, 2007, and was heard on June 11, 2007.

court found that it was essentially undisputed that the entities were one and the same, and concluded that Ice Stores was entitled to judgment as a matter of law.

Based on the record before this Court, we must agree with the trial court that Holmes failed to create a genuine issue of material fact. He presented nothing to refute Ice Stores' evidence that Ice Stores uses the "doing business as" name "Lone Star Ice & Foods," and that the two names represent but one entity. Consequently, we must affirm the trial court's finding that Ice Stores was the proper party to enforce the Texas judgment against Holmes, and that Ice Stores followed the proper procedure for authenticating its foreign judgment.

Finally, citing Tennessee Code Annotated § 40-35-304(h), Holmes argues that Ice Stores prematurely sought enforcement of the Texas judgment. Section 40-35-304 outlines the procedure for converting an order of restitution into a civil judgment:

> (h)(1) Notwithstanding the provisions of any law to the contrary, upon expiration of the time of payment or the payment schedule imposed pursuant to subsection (c) or (g), if any portion of restitution remains unpaid, then the victim or the victim's beneficiary may convert the unpaid balance into a civil judgment in accordance with the procedure set forth within this subsection (h).
> (2) Within the twelve-month period following expiration of the time of payment or the payment schedule imposed pursuant to subsection (c) or (g), the victim or the victim's beneficiary may file a certified copy of the restitution order with an appropriate civil court having jurisdiction over the total amount of restitution ordered.

T.C.A. § 40-35-304(h)(1), (2) (2006). Holmes argues that this statute precluded Ice Stores from seeking enforcement of the judgment in civil court before the expiration of his ten year sentence, which began on May 12, 1997. Ice Stores responds that the Tennessee procedure for converting an order of restitution to a civil judgment is not relevant, and that Texas law should govern the issue.

Under Texas law, "[a]n order of restitution may be enforced by the state or a victim named in the order to receive the restitution in the same manner as a judgment in a civil action." Tex. Code Crim. Proc. Ann. art. 42.037(m) (Vernon 2007). Article 42.037 also provides:

> (g)(1) The court may require a defendant to make restitution under this article within a specified period or in specified installments.
> . . .
> (3) If the court does not provide otherwise, the defendant shall make restitution immediately.

*Id.* at 42.037(g)(1), (3). Ice Stores asserts that, because the judgment did not provide a period in which restitution should be paid, Texas law allowed for immediate enforcement.

Initially, we note that a foreign judgment that is authenticated in accordance with Tennessee law "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced

or satisfied in like manner."  T.C.A. § 26-6-104(a), (c) (2000); *see also Biogen Distrib., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992).  Consequently, "the grounds and procedures for vacating or reopening foreign judgments are those contained in [Rule 60.02 of the Rules of Civil Procedure]."  *Biogen*, 842 S.W.2d at 256.  Rule 60.02 provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud . . ., misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Tenn. R. Civ. P. 60.02.  Holmes puts forth none of these grounds for relief from the Texas judgment.  He argues only that Ice Stores was required under Tennessee law to wait until the conclusion of his sentence of imprisonment before it could enforce the judgment.

From our review, it appears that the relevant law in this case is the Texas statute.  In contrast to the comparable Tennessee statute, Texas law does not require the conversion of a criminal judgment of restitution into a civil judgment.  *Compare* T.C.A. § 40-35-304(h)(2) *with* Tex. Code Crim. Proc. Ann. art. 42.037(m).  We find that Ice Stores was not required to enforce its Texas judgment in compliance with Tennessee Code Annotated § 40-35-304(h)(2).  Thus, we must conclude that the trial court did not err in granting summary judgment in favor of Ice Stores and permitting Ice Stores to domesticate and enforce the Texas judgment against Holmes

The decision of the trial court is affirmed. Costs on appeal are taxed to the Appellant, Gregory Reier Holmes, and his surety, for which execution may issue if necessary.

 

_____
HOLLY M. KIRBY, JUDGE